(20 P.3d 1277)
No. 84,508

STATE OF KANSAS, *Appellant*, v. WILLIAM VANHECKE and THOMAS GAULT, *Appellees*.

Opinion filed April 6, 2001.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Bobby L. Thomas, Jr.*, and *Carl E. Cornwell*, of Cornwell & Erickson, of Overland Park, for appellees.

Before GERNON, P.J., KNUDSON and BEIER, JJ.

GERNON, J.: The State of Kansas appeals from the dismissal of misdemeanor charges of contributing to the misconduct of a child against the defendants, William VanHecke and Thomas Gault, both of whom were high school teachers.

VanHecke was a teacher at Bishop Miege High School and had been the coach for the girls' and boys' cross-country team for a number of years. Gault was a forensics and drama teacher at Blue Valley High School during the 1998-99 school year. VanHecke was in his late 40s and had been married for 30 years at the time of the charges. Gault was 27 during the 1998-99 school year.

VanHecke became romantically involved with K.K. when she was a sophomore and a member of the girls' cross-country team. K.K.'s date of birth is August 5, 1979. VanHecke made advances to K.K. and began to hug and kiss her. The activity increased during the rest of K.K.'s high school years. During the spring of 1998, when K.K. was a senior, she and VanHecke engaged in consensual sexual intercourse and oral sex, which continued during the summer after her graduation.

Gault became involved with J.T., a sophomore at Blue Valley during the 1998-99 school year. J.T.'s date of birth is December 29, 1982. J.T. would sneak out of her house, and Gault would pick her up. J.T. would often spend the night with Gault, where the two would engage in sexual activity. J.T. would then sneak back early in the morning.

K.K. eventually reported the activities with VanHecke after she left for college. J.T.'s relationship with Gault was reported to police by a school counselor.

VanHecke and Gault were each charged with contributing to the misconduct of a child, K.S.A. 2000 Supp. 21-3612.

K.S.A. 2000 Supp. 21-3612 states, in relevant part:

"(a) Contributing to a child's misconduct or deprivation is:

(1) Causing or encouraging a child under 18 years of age to become or remain a child in need of care *as defined by the Kansas code for care of children*;

(2) causing or encouraging a child under 18 years of age to commit a traffic infraction or an act which, if committed by an adult, would be a misdemeanor or to violate the provisions of K.S.A. 41-727 or subsection (j) of K.S.A. 74-8810 and amendments thereto;

. . . .

"Contributing to a child's misconduct or deprivation as described in subsection (a)(1), (2), (3) or (6) is a class A nonperson misdemeanor." (Emphasis added.)

K.S.A. 2000 Supp. 21-3612(a)(1) refers to the child in need of care (CINC) code as an element of the offense. The CINC code provides, in relevant part:

"(a) 'Child in need of care' means a person *less than 18 years of age* who:

. . . .

"(3) has been physically, mentally or emotionally abused or neglected or sexually abused." (Emphasis added.) K.S.A. 38-1502.

"Sexual abuse" is defined in the CINC code as "any act committed with a child which is described in article 35, chapter 21 of the Kansas Statutes Annotated and those acts described in K.S.A. 21-3602 or 21-3603, and amendments thereto, *regardless of the age of the child*." (Emphasis added.) K.S.A. 38-1502(c).

In dismissing the charges against VanHecke and Gault, the trial court concluded the statute under which they were charged, K.S.A. 2000 Supp. 21-3612, did not apply to their sexual activities with the 17-year-old students. Accordingly, resolution of this appeal turns upon interpretation of the relevant statutes.

The standard of review is clear. Interpretation of a statute is a question of law over which an appellate court's review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

The trial court dismissed the charges against the defendants, concluding (1) the legislature did not address the conduct involved in this case in the sex crime statutes; (2) the CINC code was not intended to change the criminal code on sex offenses; (3) the statutes were ambiguous and had to be strictly construed in favor of the defendants; and (4) the State's interpretation would "criminalize behavior that our court and associates accept as pretty common occurrences between consenting older teenagers."

The last rationale is troublesome. It seems to suggest that such sexual activity should not be recognized or prosecuted, regardless of the statutory language, if a "court and associates accept (the behavior) as pretty common occurrences between consenting older teenagers." That is not the law.

VanHecke and Gault argued that the statute did not apply to persons engaged in sexual relations with minors who were older than 16 years of age.

The State argued K.S.A. 2000 Supp. 21-3612 applied to children under the age of 18 and incorporated the CINC code. The CINC code, in turn, defined sexual abuse as any act contrary to K.S.A. 21-3501 *et seq.*, regardless of the child's age. K.S.A. 38-1502(c). Therefore, the State argued that contributing to the misconduct of a minor included any sexual conduct with a person under age 18 and was simply the least serious criminal offense involving sexual activity with minors.

The trial court found the statutes involved to be ambiguous and therefore construed them in favor of the defendants. We find no ambiguity and reverse.

A plain reading of the relevant provisions *in pari materia* show no ambiguity. K.S.A. 2000 Supp. 21-3612(a)(1) criminalizes conduct which causes a person under the age of 18 to fall within the CINC definition of a child in need of care; a crime occurs under this statute even if the child has not been subject to a CINC proceeding or adjudged a juvenile offender. K.S.A. 2000 Supp. 21-3612(b). The CINC code defines a child in need of care to include any child under age 18 who has been subjected to sexual intercourse or unlawful sexual touching described in K.S.A. 21-3501 *et seq.*, or the incest statutes (K.S.A. 21-3602 and 21-3603), regardless of the child's age.

Neither the trial court nor the parties provide any alternative interpretation of the plain language of K.S.A. 2000 Supp. 21-3612(a)(1) and K.S.A. 38-1502. Instead, the defendants and the trial court choose to ignore the plain terms of the latter provision, asserting the "regardless of the age of the child" language in 38-1502(c) should not be incorporated into 21-3612(a)(1). However, under standard rules of statutory construction, the court cannot add to that which is not readily found in an unambiguous statute, nor read out what, as a matter of ordinary language, is in it. *Endorf v. Bohlender*, 26 Kan. App. 2d 855, 861, 995 P.2d 896 (2000).

Appellate courts are required to strictly construe criminal statutes in favor of the accused. This rule, however, is subject to the

rule that judicial interpretation must be reasonable and sensible to effect the legislative design and intent. *State v. Hall*, 270 Kan. 194, Syl. ¶ 3, 14 P.3d 404 (2000); *State v. Chaney*, 269 Kan. 10, 25, 5 P.3d 492 (2000). The strict construction rule cannot be used to rewrite the plain language of criminal statutes. See *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998); *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998).

VanHecke and Gault correctly note that as a general rule, specific statutes control over more general ones absent legislative intent otherwise. *State v. Creamer*, 26 Kan. App. 2d 914, 919-20, 996 P.2d 339 (2000). They contend that because the statutory rape and indecent liberties statutes would not apply in this case, they cannot be prosecuted for a lesser or different criminal sanction for conduct involving victims who are older than 16 and younger than 18. VanHecke and Gault's argument is nonsensical. Under their theory, the legislature could never create different levels of crimes for the similar conduct because the most severe statutes would always control and make less serious conduct noncriminal.

The specific versus general statute principle could be applied to 21-3612 only in one context. The State could not convict a defendant of contributing to the misconduct of a minor—criminalizing sexual abuse of minors regardless of their age—if the defendant's acts would fall within the more specific statutes of statutory rape or indecent liberties prohibiting sexual intercourse or touching with persons under the age of 16. See *Carmichael v. State*, 255 Kan. 10, 19, 872 P.2d 240 (1994) (defendant convicted of rape should have been charged with the more specific statute of aggravated incest). See also *State v. Wilcox*, 245 Kan. 76, 79, 775 P.2d 177 (1989) (persons accused of welfare fraud must be charged under K.S.A. 39-720 and not under K.S.A. 21-3711). Article 35 crimes would not apply in this case. Thus, there is no more specific statute to override 21-3612 here.

VanHecke and Gault further contend that the legislative intent was not to extend the "regardless of their age" provision into the criminal arena. We reject this argument. When a statute is unambiguous, appellate courts will not speculate as to the legislature's intent but will give full effect to the intent as expressed by the

words found in the statute. *State v. Thrash*, 267 Kan. 715, 716-17, 987 P.2d 345 (1999).

Kansas appellate courts have consistently refused to delve into legislative intent behind unambiguous statutes. See *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998); *State v. Taylor*, 27 Kan. App. 2d 62, 67, 998 P.2d 123, *rev. denied* 269 Kan. 940 (2000); *In re A.C.W.*, 26 Kan. App. 2d 468, 472, 988 P.2d 742 (1999).

Standard rules of statutory construction teach us that the legislature is presumed to have acted with full knowledge of the subject matter of the statute and related laws. *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983). Thus, this court may presume the legislature was aware of the incorporation of the CINC statute into 21-3612 when it enacted House Bill 2709 in 1984, adding the language "regardless of the age of the child" to 38-1502(c). L. 1984, Ch. 153, § 1. Had the legislature intended to limit the "regardless of the age" language to the CINC statutes, it could have amended 21-3612 to include age limits such as those found in the sex crimes statutes.

The legislature did nothing to indicate that House Bill 2709 limited the language therein to CINC statutes.

This matter is reversed with directions that the cases be remanded and that the charges be reinstated consistent with this opinion.