(65 P.3d 551)

No. 87,871

STATE OF KANSAS, *Appellee,* v. JOHN DON LAYTON, *Appellant.*

Orig-
inal opinion filed December 13, 2002. Modified opinion filed March 28, 2003.

*Cory D. Riddle,* assistant appellate defender, and *Randall Hodgkinson,* deputy appellate defender, for the appellant.

*Ty Kaufman,* county attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before KNUDSON, P.J., LEWIS, J., and BUCHELE, S.J.

LEWIS, J.: This action is the result of a so-called "drug vacation" taken by four individuals including defendant John Don Layton. Consequently, defendant was arrested and convicted for unlawful manufacture of methamphetamine, possession of methamphetamine with intent to distribute, possession of drug paraphernalia, and criminal possession of a firearm. Defendant was sentenced to 167 months for the unlawful manufacture of methamphetamine, 49 months for possession of methamphetamine with intent to distribute, and 11 months for possession of drug paraphernalia. The last two sentences were to run concurrent with the primary sentence of 167 months. He was also sentenced to 8 months for crim-

inal possession of a firearm, which was to run consecutive to the first three convictions. This appeal followed.

On one of the evenings of their "vacation," the four persons in question stayed at the Viking Motel in Lindsborg. As a result of a search warrant, the police searched the motel room and uncovered paraphernalia and supplies necessary to the manufacture of methamphetamine, two guns, and manufactured methamphetamine. The officers discovered defendant, Sarah Perez, and Shawna Stewart in the motel room and arrested them.

The evidence indicated the parties stopped at the Viking Motel, rented a room, and brought in the necessary supplies and equipment to manufacture methamphetamine. Perez detailed the actions taken by John Thomas and defendant in completing the first stage of the "cooking" process. During that process, Perez and Stewart left to get pizza. When they returned, the motel room was foggy and smelled like ether. According to Perez, defendant and Thomas were in the bathroom, and, "it appeared that they were— had been gassing, the end stage."

Later, Perez watched as defendant and Thomas weighed and bagged approximately three-fourths of the manufactured methamphetamine for sale. Apparently, the other fourth was for the parties' use, as all four injected the drug after the manufacturing process was completed.

After being arrested at the motel, defendant told the police that Stewart and Perez were not involved and that he and Thomas had manufactured the methamphetamine. He also told police that Thomas had gone to Pawnee Rock to sell methamphetamine and that he had a weapon.

The police officers continued to watch the motel and arrested Thomas when he returned later that morning. Pursuant to the search of Thomas, police discovered a larger bag including 10 or 11 smaller bags of narcotics, assorted drug paraphernalia, and ammunition on his person. The police also found approximately 500 rounds of ammunition and a .22 revolver in his vehicle.

Perez and Stewart entered into a plea agreement with the State whereby the charges of aiding and abetting the manufacture of methamphetamine and aiding and abetting possession of drug par-

aphernalia were dismissed. They were required to plead guilty to a charge of possession of methamphetamine.

At trial, defendant denied having any methamphetamine on his person and denied that methamphetamine was manufactured in the motel room or in his presence. Defendant admitted to using methamphetamine and to owning a .45-caliber handgun, which was found in the motel room.

## SUFFICIENCY OF THE EVIDENCE

Defendant first challenges the sufficiency of the evidence to convict him of the crimes in question. Our standard of review is well known:

"When the sufficiency of the evidence is challenged, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Lessley,* 271 Kan. 780, 785, 26 P.3d 620 (2001). An appellate court will not disturb a verdict based on substantial competent evidence rendered by a jury, as it is the jury's function to weigh the evidence and determine the credibility of the witnesses. "A conviction of even the greatest offense may be sustained by circumstantial evidence. [Citation omitted.]" *State v. Saiz,* 269 Kan 657, 664, 7 P.3d 1214 (2000).

Defendant argues the evidence was not sufficient because the State had failed to prove that the parties possessed anhydrous ammonia, an essential ingredient in the manufacture of methamphetamine. The record shows some support for defendant's argument in that a KBI special agent testified that because ammonia was not found, he could not attest that the "cook" took place in the motel room.

The State argues that the evidence against defendant was overwhelming. Witnesses for the State testified regarding the numerous items, such as chemicals and other supplies and equipment necessary to manufacture methamphetamine, that were found in the motel room where defendant was staying. A chemist testified that a substance recovered from the room was methamphetamine.

Both Perez and Stewart testified that defendant, along with Thomas, had prepared the methamphetamine. In addition, there was testimony concerning defendant's statement to the police officer that he and Thomas were manufacturing methamphetamine in the motel room but that neither Perez nor Stewart were involved.

One witness for the State testified he was not surprised anhydrous ammonia was not found in the motel room because the chemical is normally added outside due to the strong toxic fumes it emits. Both Perez and Stewart testified that anhydrous ammonia was transported in Thomas' vehicle.

We agree with the State that the evidence against defendant concerning the manufacture of methamphetamine was overwhelming. There is no question there was sufficient evidence to convince a rational factfinder of defendant's guilt beyond a reasonable doubt.

## SENTENCING ISSUES

In calculating defendant's criminal history, the trial court used two prior felony convictions. Defendant argues those two prior convictions should not have been used in calculating his criminal history score under K.S.A. 21-4710(d)(11). Interpretation of the Kansas Sentencing Guidelines Act is a question of law over which we have plenary review. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

Defendant agrees to his criminal history which includes both prior convictions. In addition, he did not object to his criminal history score at sentencing. Under those circumstances, we consider that he invited the error. See *Neal v. State*, 25 Kan. App. 2d 705, 706, 971 P.2d 748 (1998), *rev. denied* 266 Kan. 1109 (1999). Since our standard of review is de novo, we will elect to review defendant's sentence. See *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998).

First, we conclude there was no K.S.A. 60-455 violation in the use of the two prior felony convictions. They were both used to prove defendant's intent as it related to the crime. Regarding the charge of criminal possession of a firearm, the prior convictions

satisfied the State's burden of proof that defendant had been convicted of a felony within the past 10 years.

The prior convictions were also used to enhance the charge of possession of methamphetamine with the intent to distribute from a severity level 3 to a severity level 2 drug grid felony. It is clear that in addition to being used to demonstrate intent or as a considered factor, the two prior convictions were used to enhance the severity level of one offense and to serve as an element of another offense, neither of which were the base crime.

Defendant argues that under K.S.A. 21-4710(d)(11), the trial court may only use each prior conviction to either serve as an element of a present crime, to enhance a sentence, or for the purpose of calculating a criminal history score. That statute provides:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

We believe *State v. Vontress*, 266 Kan. 248, 259-60, 970 P.2d 42 (1998), is contrary to defendant's argument. In that case, defendant was convicted of first-degree murder, aggravated robbery, aggravated robbery, and criminal possession of a firearm. A prior felony conviction was used to satisfy an element of the charge for criminal possession of a firearm. That same conviction was included in the defendant's criminal history for the purposes of calculating his criminal history for the base crime of aggravated robbery. The court, in responding to an argument similar to defendant's, said:

"In cases of multiple convictions arising out of the same complaint, the sentencing court identifies the defendant's primary crime, *i.e.*, the crime with the highest severity level, and computes the defendant's base sentence. The defendant's full criminal history is applied to the primary crime to establish the defendant's base sentence. K.S.A. 21-4720[b](3)." 266 Kan. at 260.

We conclude the trial court did not err in including the two prior convictions in defendant's criminal history in determining his criminal history score of F for the base sentence for unlawful manufacture of methamphetamine. The prior convictions which en-

hanced penalties or were an element of an offense related only to current offenses which carried a criminal history score of I.

## SENTENCE FOR UNLAWFUL MANUFACTURE OF METHAMPHETAMINE

Defendant argues the trial court erred in imposing a felony sentence for unlawful manufacture of methamphetamine. He contends K.S.A. 2001 Supp. 65-4127c provides that K.S.A. 2001 Supp. 65-4159 is a class A nonperson misdemeanor. It is defendant's position that because there are two penalty provisions for the crime of unlawful manufacture of methamphetamine, he should be sentenced to the lesser penalty.

There is some basis for defendant's argument in this case, but we conclude it is without merit.

Defendant was charged under K.S.A. 2001 Supp. 65-4159. K.S.A. 2001 Supp. 65-4127c states that "[e]xcept as otherwise provided in K.S.A. 65-4127a and 65-4127b and K.S.A. 2001 Supp. 65-4160 through 65-4164 and amendments thereto, any person violating any of the provisions of the uniform controlled substances act shall be guilty of a class A nonperson misdemeanor." Defendant contends because he was charged under K.S.A. 2001 Supp. 65-4159 and that statute is not included in 65-4127c, he should have been given a misdemeanor sentence.

In what may have been a legislative mistake, K.S.A. 65-4127a and K.S.A. 65-4127b were both repealed in 1994. Despite being repealed, they continued to be listed in K.S.A. 2001 Supp. 65-4127c.

Included in K.S.A. 2001 Supp. 65-4127a is a note which indicates that "[p]rovisions of this statute are contained in K.S.A. 65-4160 and 65-4161." As we interpret the statutory enactment, except for 65-4160 through 65-4164, all other violations of the Uniform Controlled Substances Act will be treated as class A nonperson misdemeanors.

K.S.A. 2001 Supp. 65-4161 provides it is a violation for a person to "sell, offer for sale or have in such person's possession with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute; dispense or compound" any narcotics listed under K.S.A. 2001

Supp. 65-4107(d)(1), (d)(3), or (f)(1). Methamphetamine is a narcotic listed under K.S.A. 2001 Supp. 65-4107(d)(3).

As we construe the statutes, although K.S.A. 2001 Supp. 65-4159 is not specifically listed within K.S.A. 2001 Supp. 65-4127c, the legislature clearly provided that a violation of K.S.A. 2001 Supp. 65-4159 would constitute a felony. When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. *State v. Hartpence*, 30 Kan. App. 2d 486, Syl. ¶ 3, 42 P.3d 1197 (2002); *State v. VanHecke*, 28 Kan. App. 2d 778, 782, 20 P.3d 1277 (2001). The plain language of K.S.A. 2001 Supp. 65-4159 reflects the legislature's intent that this particular crime should constitute a felony. The fact that compounding a narcotic under K.S.A. 2001 Supp. 65-4161, a similar offense, is a felony under both that statute and K.S.A. 2001 Supp. 65-4127c simply reinforces our conclusion that a violation of 65-4159 was intended to be a felony. We therefore consider it clear that the legislature intended for the unlawful manufacture of methamphetamine to be considered a felony rather than a misdemeanor. See *State v. Lamae*, 268 Kan. 544, 556, 998 P.2d 106 (2000).

We hold the trial court did not err in imposing a severity level 1 felony sentence for defendant's conviction for the unlawful manufacture of methamphetamine.

Affirmed.