No. 87,871

STATE OF KANSAS, *Appellee*, v. JOHN DON LAYTON, *Appellant*.

(80 P.3d 65)

Opinion filed December 12, 2003.

*Cory D. Riddle*, assistant appellate defender, argued the cause, and *Randall L. Hodgkinson*, deputy appellate defender, was with him on the brief for appellant.

*Ty Kaufman*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: John Don Layton was convicted of unlawful manufacture of methamphetamine, possession of methamphetamine with intent to distribute, possession of drug paraphernalia, and criminal possession of a firearm. His convictions and sentences were affirmed by the Court of Appeals in *State v. Layton*, 31 Kan. App. 2d 350, 65 P.3d 551 (2003). This court granted Layton's petition for review of the Court of Appeals' decision on the single

issue of his sentence for unlawful manufacture of methampheta-
mine.

The following facts are summarized from the Court of Appeals'
opinion:

Layton, John Thomas, Sarah Perez, and Shawna Stewart stopped
at the Viking Motel in Lindsborg, rented a room, and brought in
supplies and equipment for manufacturing methamphetamine.
Layton and Thomas completed the "cooking" process and then
"gassed" the product. The four persons injected a portion of the
drug that had been manufactured. The two men later weighed and
bagged approximately three-fourths of the manufactured meth-
amphetamine for sale.

With a search warrant, police entered and searched the motel
room. They found paraphernalia and supplies necessary to the
manufacture of methamphetamine, two guns, and methampheta-
mine. After being arrested at the motel, Layton told the police that
Perez and Stewart were not involved and that he and Thomas had
manufactured the methamphetamine. He also told police that Tho-
mas had gone elsewhere to sell methamphetamine and that he was
armed.

Thomas was arrested when he returned to the motel. The search
of Thomas yielded 10 or 11 bags of drugs, drug paraphernalia, and
ammunition. More ammunition and a .22 revolver were found in
his vehicle.

Layton was sentenced to 167 months for the unlawful manufac-
ture of methamphetamine, 49 months for possession of metham-
phetamine with intent to distribute, and 11 months for possession
of drug paraphernalia. The last two sentences were to run concur-
rent with the primary sentence of 167 months. He also was sen-
tenced to 8 months for criminal possession of a firearm, which was
to run consecutive to the first three convictions.

Layton's position, in this court as in the Court of Appeals, is that
because there are two separate and different penalty provisions
applicable to a violation of K.S.A. 2001 Supp. 65-4159 (now K.S.A.
65-4159), he can only be sentenced pursuant to the lesser penalty
provision. He relies on *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d
268 (1989), where the court held that when statutes provide dif-

ferent penalties for the same conduct, a defendant may be sentenced only under the lesser penalty provision. He argues that K.S.A. 2001 Supp. 65-4127c (now K.S.A. 65-4127c) provides that a violation of 65-4159 is a class A misdemeanor, not a felony.

The Court of Appeals affirmed Layton's sentence for unlawful manufacture of methamphetamine, stating:

"Defendant argues the trial court erred in imposing a felony sentence for unlawful manufacture of methamphetamine. He contends K.S.A. 2001 Supp. 65-4127c provides that K.S.A. 2001 Supp. 65-4159 is a class A nonperson misdemeanor. It is defendant's position that because there are two penalty provisions for the crime of unlawful manufacture of methamphetamine, he should be sentenced to the lesser penalty.

"There is some basis for defendant's argument in this case, but we conclude it is without merit.

"Defendant was charged under K.S.A. 2001 Supp. 65-4159. K.S.A. 2001 Supp. 65-4127c states that '[e]xcept as otherwise provided in K.S.A. 65-4127a and 65-4127b and K.S.A. 2001 Supp. 65-4160 through 65-4164 and amendments thereto, any person violating any of the provisions of the uniform controlled substances act shall be guilty of a class A nonperson misdemeanor.' Defendant contends because he was charged under K.S.A. 2001 Supp. 65-4159 and that statute is not included in 65-4127c, he should have been given a misdemeanor sentence.

"In what may have been a legislative mistake, K.S.A. 65-4127a and K.S.A. 65-4127b were both repealed in 1994. Despite being repealed, they continued to be listed in K.S.A. 2001 Supp. 65-4127c.

"Included in K.S.A. 2001 Supp. 65-4127a is a note which indicates that '[p]rovisions of this statute are contained in K.S.A. 65-4160 and 65-4161.' As we interpret the statutory enactment, except for 65-4160 through 65-4164, all other violations of the Uniform Controlled Substances Act will be treated as class A nonperson misdemeanors.

"K.S.A. 2001 Supp. 65-4161 provides it is a violation for a person to 'sell, offer for sale or have in such person's possession with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute; dispense or compound' any narcotics listed under K.S.A. 2001 Supp. 65-4107(d)(1), (d)(3), or (f)(1). Methamphetamine is a narcotic listed under K.S.A. 2001 Supp. 65-4107(d)(3).

"As we construe the statutes, although K.S.A. 2001 Supp. 65-4159 is not specifically listed within K.S.A. 2001 Supp. 65-4127c, the legislature clearly provided that a violation of K.S.A. 2001 Supp. 65-4159 would constitute a felony. When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. *State v. Hartpence*, 30 Kan. App. 2d 486, Syl. ¶ 3, 42 P.3d 1197 (2002); *State v. VanHecke*, 28 Kan. App. 2d 778, 782, 20 P.3d 1277 (2001). The plain language

of K.S.A. 2001 Supp. 65-4159 reflects the legislature's intent that this particular crime should constitute a felony. The fact that compounding a narcotic under K.S.A. 2001 Supp. 65-4161, a similar offense, is a felony under both that statute and K.S.A. 2001 Supp. 65-4127c simply reinforces our conclusion that a violation of 65-4159 was intended to be a felony. We therefore consider it clear that the legislature intended for the unlawful manufacture of methamphetamine to be considered a felony rather than a misdemeanor. See *State v. Lamae*, 268 Kan. 544, 556, 998 P.2d 106 (2000).

"We hold the trial court did not err in imposing a severity level 1 felony sentence for defendant's conviction for the unlawful manufacture of methamphetamine." 31 Kan. App. 2d at 355-56.

Resolution of this sentencing issue depends on statutory interpretation, which is a question of law. An appellate court's review of a question of law is unlimited. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 65-4159 provides in part:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture any controlled substance or controlled substance analog.

"(b) Any person violating the provisions of this section with respect to the unlawful manufacturing or attempting to unlawfully manufacture any controlled substance or controlled substance analog, upon conviction, is guilty of a drug severity level 1 felony and the sentence for which shall not be subject to statutory provisions for suspended sentence, community work service, or probation."

K.S.A. 65-4127c provides:

"Except as otherwise provided in K.S.A. 65-4127a and 65-4127b and K.S.A. 65-4160 through 65-4164 and amendments thereto, any person violating any of the provisions of the uniform controlled substances act shall be guilty of a class A nonperson misdemeanor. The criminal penalties prescribed for violations of the uniform controlled substances act shall not be applicable to violations of the rules and regulations adopted by the board pursuant thereto."

None of the statutory sections designated in the proviso to 65-4127c apply in this case.

Without the proviso, K.S.A. 65-4127c provides that "any person violating any of the provisions *of the uniform controlled substances act* shall be guilty of a class A nonperson misdemeanor." (Emphasis added.) If K.S.A. 65-4159, under which Layton was charged and convicted of the drug severity level 1 felony of unlawful manufacturing of a controlled substance, is a provision of the Uniform Con-

trolled Substances Act, there would be a conflict between the penalty provisions. K.S.A. 65-4159, however, is not a provision of the Uniform Controlled Substances Act.

The Uniform Controlled Substances Act, K.S.A. 65-4101 *et seq.*, was enacted in 1972. L. 1972, ch. 234. The Act begins with definitions in 65-4101; 65-4139 states that the Act "may be cited as the uniform controlled substances act," and 65-4140 provides for severability. K.S.A. 65-4141 and -4142, which were added in 1989 and 1992 respectively, contain the phrase: "This [act/section] shall be part of and supplemental to the uniform controlled substances act . . . ." L. 1989, ch. 179, sec. 1; L. 1992, ch. 298, sec. 84. K.S.A. 65-4143 to 65-4149 are reserved for future use.

K.S.A. 65-4150 begins a new act concerning drug paraphernalia; there are definitions in 65-4150 that apply to subsequent sections. The severability statute for that act appears in 65-4157. It is identical to the severability provision in 65-4140, but the severability provision in 65-4140 was enacted in 1972, L. 1972, ch. 234, sec. 40, and the severability provision in 65-4157 was enacted in 1981, L. 1981, ch. 140, sec. 8. If the statutory sections regarding drug paraphernalia were intended by the legislature to be part of the Uniform Controlled Substances Act, there would have been no need for it to enact a separate severability provision.

The legislature expressly included as supplemental to the Uniform Controlled Substances Act some of the statutory sections under the drug paraphernalia act. The legislature's express inclusion of these statutory sections within the Act indicates that it did not intend to include other sections.

The sections expressly included are K.S.A. 65-4160 through 65-4164, which are expressly excepted from the general penalty provision of 65-4127c. Each of the provisions 65-4160 through 65-4164 states that "[t]he provisions of this section shall be part of and supplemental to the uniform controlled substances act." L. 1994, ch. 338, secs. 1-5. Each of the provisions 65-4160 through 65-4164 contains its own base penalty provision, plus penalty provisions for repeat offenders. For example, K.S.A. 65-4160(a) provides that a person who violates the subsection "shall be guilty of a drug severity level 4 felony." K.S.A. 65-4160(b) provides: "If any person

who violates this section has one prior conviction under this section or a conviction for a substantially similar offense from another jurisdiction, then that person shall be guilty of a drug severity level 2 felony." Thus, when the legislature expressly included supplemental sections in the Uniform Controlled Substances Act and provided in them penalties different from the general penalty of 65-4127c, the legislature expressly excluded them from the general penalty provision of 65-4127c.

The legislature did not expressly include 65-4159 in the Uniform Controlled Substances Act. Hence, there is no conflict between the differing penalty provisions of K.S.A. 65-4159 and K.S.A. 65-4127c and there was no reason for the legislature to expressly exclude 65-4159 from 65-4127c.

Layton's argument that there are two different penalty provisions applicable to a violation of K.S.A. 65-4159 is without merit. The only penalty provision applicable to a violation of K.S.A. 65-4159 is contained in that section. K.S.A. 65-4127c has no application to a violation of K.S.A. 65-4159.

At oral argument before this court, in response to questions from the bench, counsel for appellant insisted that the issue of whether Layton should have been sentenced under K.S.A. 65-4161 was before this court. Counsel subsequently filed an additional authority letter pursuant to Supreme Court Rule 6.09 (2003 Kan. Ct. R. Annot. 41) stating that if Layton is not subject to be sentenced for a misdemeanor under K.S.A. 65-4127c, he should be sentenced for a severity level 3 felony for violation of K.S.A. 65-4161. He argues the issue was before the Court of Appeals based on Layton's motion to rehear or modify the Court of Appeals' opinion and the court's subsequent modification of its opinion. Counsel for appellant admits the Court of Appeals did not directly address that issue but argues that does not preclude this court from addressing whether "Layton should have been sentenced under K.S.A. 65-4161."

We disagree.

The issue that Layton has pursued to this court was stated in his brief in the Court of Appeals as whether the district court erred by imposing a felony penalty for the manufacturing of metham-

phetamine, and his argument was that there was a conflict between the misdemeanor penalty of 65-4127c and the felony penalty of 65-4159. Layton did not cite K.S.A. 65-4161 in his appellate brief in the Court of Appeals. The State cited 65-4161 in its brief in the Court of Appeals only in connection with a criminal history issue, which is not in the current picture because Layton did not include that issue in his petition for review. Contrary to Layton's assertion, the Court of Appeals did not find that he was "properly sentenced to a [severity] level 1 penalty under K.S.A. 65-4161 because Layton had two prior convictions for similar offenses."

The Court of Appeals issued its first opinion in this case in December 2002. The 2002 opinion contained the observation that Layton's sentence under 65-4161(c) would have been a severity level 1 felony, just as his sentence was under 65-4159. In a motion for reconsideration, Layton complained that he had been charged and convicted of violating 65-4159, not 65-4161. The motion was granted, and a modified opinion was issued in March 2003. In the modified opinion, the Court of Appeals stated with regard to 65-4161: "The fact that compounding a narcotic under K.S.A. 2001 Supp. 65-4161, a similar offense, is a felony under both that statute and K.S.A. 2001 Supp. 65-4127c simply reinforces our conclusion that a violation of 65-4159 was intended to be a felony." 31 Kan. App. 2d at 356.

In his petition for review of the modified Court of Appeals' opinion, Layton phrased his issue as follows: "The Court of Appeals erred by not remanding this case for the imposition of a misdemeanor penalty for the manufacturing of methamphetamine; *in the alternative, the Court [of Appeals] erred in not remanding this case for re-sentencing John Don Layton for a severity level 3 felony. . . .*" (Emphasis added.) With regard to the "alternative" issue, Layton quoted the Court of Appeals' reference to 65-4161 being a similar offense to 65-4159. Layton argued that if the two statutes prohibit identical conduct but impose different penalties—65-4161 is a severity level 3 felony for a first conviction and 65-4159 is a severity level 1 felony—he can be sentenced only under the lesser penalty. The State did not file a response to Layton's

petition for review. Neither party filed a supplemental brief in this court.

Rule 8.03(g)(1) (2003 Kan. Ct. R. Annot. 60) provides in part: "The order granting review may limit the questions on review. If review is not limited, the issues before the Supreme Court include all issues properly before the Court of Appeals that the petition for review or cross-petition allege were decided erroneously by the Court of Appeals." Here, the order granting review limited the question on review to Layton's sentence for violation of K.S.A. 65-4159. Although Layton stated as an "alternative" issue in his petition for review that he should have been sentenced under 65-4161 rather than 65-4159, that issue was neither presented to the Court of Appeals nor decided by it. There is no Court of Appeals decision on this issue for the court to review in this case.

Judgment of the Court of Appeals is affirmed, and judgment of the district court is affirmed.

BEIER, J., not participating.

BRAZIL, S.J., assigned