(967 P.2d 342)

No. 78,968

STATE OF KANSAS, *Appellee*, v. SCOTT L. REEDY, *Appellant*.

Opinion filed September 25, 1998.

*Ryan Kipling Elliot* and *Lisa Nathanson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Elizabeth Rogers*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., GERNON, J., and JAMES W. PADDOCK, S.J., assigned.

PIERRON, J.: Scott L. Reedy appeals the district court's imposition of a corrected sentence after he violated the terms of his probation.

Reedy pled guilty to criminal possession of a firearm, a severity level 8 nonperson felony, in violation of K.S.A. 21-4204(a)(3). The presentence investigation (PSI) report indicated that Reedy had committed a severity level 8 nondrug crime and that he had a criminal history score of H. The PSI report listed the sentencing range for criminal history category 8-H as 6 to 8 months with presumptive probation.

At sentencing, the parties stipulated that Reedy's criminal history was category H. The district court found Reedy fell into nondrug grid box 8-H, which the court thought, as stated in the PSI report, had a sentencing range of 6 to 8 months and a postrelease supervision duration of 24 months. The court sentenced Reedy to a prison sentence of 7 months and granted probation with an assignment to community corrections.

Reedy subsequently violated the terms of his probation. At the probation revocation hearing, the State notified the district court that while the court had intended to sentence Reedy within the 8-H nondrug grid box (9 to 11 months), the court actually sentenced him within the 8-I nondrug grid box (6 to 8 months) due to the court's reliance on the sentencing range listed in the PSI report. The court acknowledged it had utilized an incorrect sentencing range in imposing the sentence.

The State moved to correct the illegal sentence. Reedy objected to changing the sentence but did not object to the lack of any notice to correct the illegal sentence. The court stated:

"[It] having been brought to the Court's attention that on December 20th, when this Court sentenced the defendant to an 8-H, a sentence for an 8-I was actually imposed. I don't think there's any question that the parties agreed on the criminal history of H. And to be consistent with what I did on the 20th, the low number in that grid box would be 9 months upon the oral motion of the State's attorney and over the objection of the defense attorney.

"I will correct the journal entry or the sentence imposed and reflect that the defendant is remanded to the custody of the Secretary of Corrections to serve a term of 9 months, the minimum sentence for an 8-H. Would remind the defendant that he would be entitled to good time credits of up to 15 percent for any time served and would order that a corrected journal entry or a journal entry nunc pro tunc be prepared to reflect the correct sentence and be filed of record."

Reedy argues the district court erred by imposing a harsher sentence following a violation of his probation. Relying on K.S.A. 22-3716 and *State v. Zirkle*, 15 Kan. App. 2d 674, 814 P.2d 452 (1991), Reedy argues the district court lacked authority or jurisdiction to impose a harsher sentence after revoking his probation.

There is no evidence in the record to support the allegation that the district court enhanced Reedy's sentence due to his probation violation. To the contrary, the court addressed and resolved the incorrect sentence before it ever considered Reedy's probation violation. The corrected sentence was imposed due to the court's reliance on an improperly prepared PSI report, not Reedy's violation of his probation.

The *Zirkle* court defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to statutory provisions either in character or term of pun-

ishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. 15 Kan. App. 2d 674, Syl. ¶ 2. A sentence which does not conform to statutorily authorized punishment is precisely what we have in this case.

An illegal sentence may be corrected at any time. The defendant has the right to have a hearing, to have reasonable notice of the hearing, to be personally present, and to have an attorney at the hearing to consider correction of an illegal sentence. K.S.A. 22-3504(1). Notice is the only element lacking in the case at bar. However, at the revocation hearing, Reedy waived any argument as to improper notice. " 'An issue not presented to the trial court will not be considered for the first time on appeal.' [Citation omitted.]" *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998).

Reedy stipulated to his criminal history classification of category H. The sentencing range for nondrug grid box 8-H is 9 to 11 months. At the original sentencing hearing, the district court sentenced Reedy based on incorrect information in the PSI report. Additionally, it is obvious the district court did not consider the original 7-month sentence to be a departure since there was no mention of a departure sentence or any consideration given to substantial and compelling reasons for a departure. See *State v. Jackson*, 262 Kan. 119, Syl. ¶ 8, 936 P.2d 761 (1997).

This case does not present the situation where the State has attempted to increase a defendant's sentence after failing to discover a portion of his or her criminal history. See *State v. Tolliver*, 22 Kan. App. 2d 374, Syl. ¶ 5, 916 P.2d 725 (1996).

The district court did not err in correcting Reedy's sentence to 9 months—a sentence that falls within the appropriate sentencing range of nondrug grid box 8-H.

Affirmed.