(971 P.2d 748)
No. 79,921

JUAN JERMAINE NEAL, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed December 4, 1998.

*J. Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Thomas Alongi*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

RULON, J.: Petitioner Juan Jermaine Neal appeals the district court's order vacating conversion of his indeterminate sentence under the Kansas Sentencing Guidelines Act (KSGA). Petitioner pled guilty to aggravated sexual battery (K.S.A. 21-3518) on July 13, 1993. Later, petitioner filed a motion for sentence conversion based on the Kansas Department of Corrections report, which stated petitioner had a crime severity level of 5. The State agreed petitioner's severity level was 5 at the conversion hearing. But, the State later filed a motion to vacate the conversion, asserting petitioner's severity level was either 3 or 4. The district court found petitioner's severity level was 4, making him ineligible for conversion, and vacated the conversion.

When the State agrees to a defendant's criminal history, even if the criminal history is incorrect, the sentence imposed based on that criminal history is not illegal because it is a proper sentence for the agreed upon grid block. Similarly, the State cannot challenge the severity level of petitioner's crime after so stipulating

earlier. *State v. Tolliver*, 22 Kan. App. 2d 374, 379-80, 916 P.2d 725 (1996).

"It is true that an illegal sentence may be corrected at any time; however, pursuant to K.S.A. 22-3504, the law is well settled that one who, by his or her own acts, invites error cannot then complain or take advantage of it on appeal." *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996). The State argues *McBride* applies only to arguments raised on appeal, not to arguments raised with the district court. This is irrelevant in this case because under *Tolliver*, the challenged converted sentence was not illegal because the sentence imposed conformed to the presumptive sentence for the stated grid block. Here, there was no illegal sentence for the court to correct. We conclude the district court erred in granting the State's motion to vacate conversion of petitioner's sentence.

Reversed and remanded with instructions to the district court to reinstate the vacated conversion.