(46 P.3d 36)

Nos. 86,956
86,957

STATE OF KANSAS, *Appellee*, v. RORY D. OLIVER, *Appellant*.

Opinion filed May 17, 2002.

*Randall L. Hodgkinson* and *Steven R. Zinn*, deputy appellate defenders, for the appellant.

*Terri Johnson*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., ELLIOTT and MARQUARDT, JJ.

LEWIS, J.: The outcome of this appeal validates the sage advice once given by Yogi Berra to the effect that "[i]t ain't over til it's over," and the also famous saying that "[i]t's not over til the fat lady sings."

Defendant Rory D. Oliver was convicted of one count of aggravated robbery. In November 1997, the trial court determined that defendant had a criminal history category C and imposed an 85-month prison sentence. Five months later, in March 1998, the State filed a motion to correct an illegal sentence, arguing that several municipal convictions should have been aggregated and resulted in a criminal history category B. In December 2000, the trial court granted the State's motion and resentenced defendant to 180 months' imprisonment. Defendant was obviously not pleased with this action and filed the current appeal, alleging the trial court's latest sentence is illegal.

We agree, vacate defendant's sentence, and remand the matter with directions.

This rather bizarre scenario was due to the fact that the trial court originally sentenced defendant under a Court of Appeals decision on which a petition for review was granted by the Supreme Court and our decision was reversed.

In *State v. Vega-Fuentes*, 24 Kan. App. 2d 93, 942 P.2d 42 (1997), *rev'd and remanded* 264 Kan. 10, 955 P.2d 1235 (1998), this court held that municipal convictions *could not be aggregated*. The trial court and the State apparently assumed that *Vega-Fuentes* was the final law on the subject and sentenced defendant by not aggregating the municipal convictions.

The confusion was certainly not helped by the fact that the advance sheet of the Kansas Supreme Court erroneously reported that a petition for review had been denied in *Vega-Fuentes*. In fact, the petition for review had been granted and was being considered by the Supreme Court at the time of defendant's sentencing. After hearing the case and reviewing our decision in *Vega-Fuentes*, the Supreme Court reversed and held that municipal convictions could be aggregated as person felonies. See 264 Kan. at 16.

Approximately 11 days after the prosecution found out about the reversal of *Vega-Fuentes*, it filed its motion to correct what it argues was an illegal sentence. The delay in ruling on that motion was caused by the fact that at that time, the direct criminal appeal was pending.

In August 2000, we issued our decision in this defendant's direct criminal appeal, affirming his aggravated robbery conviction but vacating a conspiracy to commit robbery conviction based upon a lack of jurisdiction. *State v. Oliver*, No. 81,594, unpublished opinion filed August 4, 2000.

After the direct appeal was decided, the trial court held a hearing on the State's motion, found that its previously imposed sentence was illegal, and doubled defendant's sentence to 180 months.

The question is whether the most recent sentence is illegal.

An illegal sentence may be corrected at any time. K.S.A. 22-3504. Whether a criminal sentence is illegal is a question of law. *State v. Reed*, 23 Kan. App. 2d 661, 662, 934 P.2d 157, *rev. denied* 262 Kan. 967 (1997).

We think the law is clear in this state:

"When the State agrees to a defendant's criminal history, even if the criminal history is incorrect, the sentence imposed based on that criminal history is not illegal because it is a proper sentence for the agreed upon grid block. Similarly, the State cannot challenge the severity level of petitioner's crime after so stipulating earlier. [Citation omitted.]" *Neal v. State*, 25 Kan. App. 2d 705, 705-06, 971 P.2d 748 (1998), *rev. denied* 266 Kan. 1109 (1999).

This court has repeatedly held that a sentence within the wrong sentencing grid block under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, is not an illegal sentence when the criminal history category was stipulated to by the parties. *Neal*, 25 Kan. App. 2d at 705; *Thompson v. State*, 25 Kan. App. 2d 659, 967 P.2d 361 (1998); *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996); *State v. Tolliver*, 22 Kan. App. 2d 374, 380, 916 P.2d 725 (1996). The justification behind this rule is that one who invites error by his or her own acts cannot then complain or take advantage of it on appeal. *Neal*, 25 Kan. App. 2d at 706.

The State argues it did not stipulate to criminal history category C in this case. We do not agree. The State informed the court that the municipal convictions could not be aggregated and did not object to the criminal history category C.

It requires no citation of authority to note that Court of Appeals' decisions do not become the law of this state until a petition for review, if filed, has been denied and a mandate has been issued.

In this case, the parties prematurely relied upon the holding in *Vega-Fuentes* and treated it as the law of the state. The State did not appeal from the original sentence. The original sentence was not illegal, as the authority cited above demonstrates, and defendant should not have been resentenced by the trial court. We hold the present 180-month sentence should be vacated and the matter remanded to reinstate the original 85-month sentence.

Sentence vacated and case remanded with directions.