(138 P.3d 1289)
No. 94,757

STATE OF KANSAS, *Appellee*, v. RUSTY S. RUSSELL, *Appellant*.

Opinion filed August 11, 2006.

*Alice C. White*, of Paul E. Wilson Defender Project, of Lawrence, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and BRAZIL, S.J.

MALONE, J.: Rusty S. Russell appeals his sentence for aggravated battery. The issue is whether the district court erred in granting the State's motion to reconsider sentence based upon an error in determining Russell's criminal history score. We affirm.

On January 26, 2005, Russell was convicted of aggravated battery after a jury trial. His sentencing was scheduled for April 8, 2005. Russell's presentence investigation (PSI) report reflected a criminal history score of B, which included two prior person felony convictions. Russell challenged one of the person felony convictions of arson of an inhabited structure in San Bernardino, California.

Russell's criminal history challenge was heard at his initial sentencing. At the hearing, the State informed the district court that it had received documentation that Russell had pled guilty to the arson charge on March 6, 2002, but had failed to appear for sentencing a month later. Russell did not dispute the State's documentation. However, his attorney argued this was not a conviction for purposes of computing Russell's criminal history score because Russell had never been sentenced for the arson. The district court agreed with Russell and amended Russell's criminal history score to C, over the State's objection. The amendment moved Russell from a presumptive prison sentence to a presumptive probation sentence. The district court imposed a sentence of 29 months' imprisonment and granted Russell probation for 24 months.

On April 22, 2005, after Russell had filed a notice of appeal, the State filed a motion to reconsider sentence. Citing K.S.A. 21-4710 and *State v. Prater*, 31 Kan. App. 2d 388, 65 P.3d 1048 (2003), the State claimed Russell's arson plea should have been counted as a conviction for criminal history purposes. After hearing arguments from counsel, the district court reversed its earlier decision and found that Russell's arson plea constituted a conviction for purposes of determining his criminal history score. The district court resentenced Russell, again imposing a sentence of 29 months' imprisonment, but this time ordering that Russell serve his prison sentence. Russell timely appeals.

Russell does not contest that the district court incorrectly determined his criminal history score at the first sentencing. The only

issue on appeal is whether the district court had jurisdiction to resentence Russell after the criminal history score was correctly determined. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

Russell first claims that his notice of appeal cut off the district court's jurisdiction over the case. This argument is without merit. Although Russell had filed a notice of appeal prior to the State's motion to reconsider sentence, Russell's appeal had not been docketed when the district court considered the State's motion. The district court does not lose jurisdiction over a case to the appellate courts until the case is docketed or a motion to docket the appeal is filed with the clerk of the appellate courts. *State v. McDaniel*, 255 Kan. 756, 761, 877 P.2d 961 (1994). Because the appeal was not docketed prior to Russell's resentencing, the district court had not lost jurisdiction to hear the State's motion to reconsider sentence.

Even though the appeal was not docketed, Russell claims the district court did not have jurisdiction to modify his sentence after it was initially imposed. He argues a sentence is effective when pronounced from the bench, and his initial sentence was not an illegal sentence subject to correction by the district court.

Russell is correct that a sentence in a criminal case is effective when it is pronounced from the bench. *State v. Miller*, 260 Kan 892, 900, 926 P.2d 652 (1996). Furthermore, the district court is generally without jurisdiction to modify a sentence under the Kansas Sentencing Guidelines Act except to correct an arithmetic or clerical error. K.S.A. 21-4721(i). However, "[t]he court may correct an illegal sentence at any time." K.S.A. 22-3504(1). Under this statute, an illegal sentence is (1) a sentence imposed by a court without jurisdiction, (2) a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or (3) a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Cooper*, 267 Kan. 15, 17, 977 P.2d 960 (1999).

Russell claims his original sentence does not fit into any of these categories. He relies on cases from this court which hold that a mistake by the district court in determining criminal history cannot be corrected under K.S.A. 22-3504(1) *where the parties have stipulated to the criminal history. Neal v. State*, 25 Kan. App. 2d 705, 706, 971 P.2d 748 (1998), *rev. denied* 266 Kan. 1109 (1999); *Thompson v. State*, 25 Kan. App. 2d 659, 660, 967 P.2d 361 (1998); *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996); *State v. Tolliver*, 22 Kan. App. 2d 374, 379-80, 916 P.2d 725 (1996). These cases are based on the premise that an invited error cannot serve as the basis for a subsequent sentence modification.

However, these cases are distinguishable from Russell's case. Here the parties did not stipulate to Russell's criminal history. To the contrary, the State specifically objected to the district court's initial determination that Russell's prior arson plea should not be included as part of his criminal history score.

Where the parties have not stipulated to the criminal history, an error in determining criminal history can subsequently be corrected by the district court. The sentencing guidelines are based on two controlling factors: crime severity and criminal history of the defendant. Consequently, if either the crime severity level or the criminal history score are in error, a party can challenge a sentence as being illegal under K.S.A. 22-3504. *State v. Lakey*, 22 Kan. App. 2d 585, 586, 920 P.2d 470 (1996). "By definition, an illegal sentence encompasses a sentence to which the district court assigned an incorrect criminal history to a criminal defendant." *State v. Donaldson*, 35 Kan. App. 2d 540, Syl. ¶ 2, 133 P.3d 154 (2006); see *State v. Reedy*, 25 Kan. App. 2d 536, 537-38, 967 P.2d 342, *rev. denied* 266 Kan. 1114 (1998); *State v. McCallum*, 21 Kan. App. 2d 40, 46, 895 P.2d 1258, *rev. denied* 258 Kan. 861 (1995).

Russell's initial sentence based on an incorrect criminal history score was illegal because it did not conform to the statutory provision in the character of the punishment authorized. The district court's incorrect determination of Russell's criminal history score was not based upon a stipulation of the parties. Thus, the district court was authorized to correct Russell's illegal sentence at any time, and the district court did not err in granting the State's mo-

tion to reconsider sentence. There is nothing in the Kansas statutes that prohibited the district court from correcting Russell's sentence, despite the fact that the correction was prejudicial to Russell.

Finally, as the district court noted, the correction of Russell's illegal sentence by the district court was sound from a public policy perspective. It would not have benefitted either party to require the State to appeal the original sentence rather than file a motion for reconsideration in district court. Either way, the illegal sentence was subject to correction. The State's motion only resulted in Russell serving his presumptive prison sentence sooner rather than later. We conclude the district court did not err in granting the State's motion to reconsider sentence.

Affirmed.