(166 P.3d 418)
No. 95,818

STATE OF KANSAS, *Appellant/Cross-appellee*, v. STEVEN M.
MCCARLEY, *Appellee/Cross-appellant*.

Opinion filed July 27, 2007.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellant/cross-appellee.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, of Topeka, for appellee/cross-appellant.

Before RULON, C.J., GREENE, J., and KNUDSON, S.J.

GREENE, J.: The State of Kansas appeals the district court's denial of its motion to correct an illegal sentence, arguing that the court had a duty to correct the sentence after the defendant, Steven M. McCarley, was sentenced based upon a presentence investigation report (PSI) that misidentified the correct severity level for the precise crime of conviction. We conclude that the State's stipulation to the PSI at time of sentencing and the State's failure to timely appeal the sentence require that we affirm the district court. We also conclude that McCarley's cross-appeal is meritless.

### Factual and Procedural Background

After a fender-bender in a grocery store parking lot, McCarley and the driver of the other vehicle engaged in a heated argument regarding degree of damage. When the other driver walked to a pay phone to call the police, McCarley attempted to leave the scene. The other driver's passenger inquired into McCarley's attempt to leave, and McCarley invited him to sit down in McCarley's vehicle and discuss the matter. According to the passenger, however, he never shut the door of the vehicle when McCarley accelerated, made a turn, and pushed the passenger from the vehicle. Observing McCarley's escape, the other driver returned from the pay phone and attempted to abate the departure; McCarley bumped her in the chest with his vehicle. McCarley was charged with two counts of aggravated battery, one against the driver, and one against the passenger.

The jury was instructed on lesser included offenses and, specifically on count two, was instructed on the elements of aggravated reckless battery as requiring the material finding that "McCarley recklessly caused great bodily harm or disfigurement to Nicola 'Nick' Cosentino" and that this occurred "on or about the 3rd day of April, 2005, in Sedgwick County, Kansas." The jury acquitted McCarley of the charges involving the driver, but convicted him of the lesser offense of reckless aggravated battery against the passenger. The formal "Record of Trial or Plea" identified the guilty verdict on count two, "Aggravated Reckless Battery" without further identification of statutory proscription or severity level.

At time of sentencing, the PSI listed the crime of conviction as aggravated reckless battery, severity level 8, pursuant to K.S.A. 21-3414(a)(2)(B). When the district court inquired of counsel whether there was any question as to severity level or criminal history reported by the PSI, both counsel stipulated that it was correct. This exchange went as follows:

"(The Court): The Presentence Investigation shows this to be a severity level 8 offense, shows Mr. McCarley to have a criminal history score of A. Any dispute by the State as to severity level or criminal history—criminal history—with severity level?

"[Prosecutor]: No, your Honor."

McCarley was then sentenced for a severity level 8 person felony to 23 months' incarceration.

After time for appeal had expired, and approximately 34 days after sentencing, the State filed its motion to correct illegal sentence, claiming that McCarley was illegally sentenced to a severity level 8 crime when he was convicted of a severity level 5 crime. Although these lesser included offenses are similar, K.S.A. 21-3414(a)(2)(A) (severity level 5) proscribes "recklessly causing great bodily harm to another person . . ." whereas K.S.A. 21-3414(a)(2)(B) (severity level 8) proscribes "recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm . . . can be inflicted." After a hearing, the district judge denied the motion, stating:

"I think the case law is very clear. It's not — there is a bright line, and that bright line is, when I hear that door in the back of the courtroom go click as it closes behind Mr. McCarley, I can't correct an illegal sentence if that illegal sentence is in Mr. McCarley's favor. I can correct it if it is not in his favor. If there's an illegal sentence that favors a harsher, longer sentence, that is subject to correction. However, if it's in favor of the defendant for a lesser, less harsh sentence, it cannot be corrected. And I have to overrule the motion."

The State appeals, and McCarley cross-appeals.

### Was the State Entitled to Challenge McCarley's Sentence On Appeal?

During oral argument, this court expressed a concern for its jurisdiction, inquiring whether the State had the right to appeal

the district court's denial of the motion to correct illegal sentence. We have a duty to question jurisdiction on our own initiative. *State v. Wendler*, 280 Kan. 753, 755, 126 P.3d 1124 (2006). Following argument the State filed a statement of additional authorities pursuant to Supreme Court Rule 6.09(b) (2006 Kan. Ct. R. Annot. 44). We have duly considered these authorities in addressing our jurisdiction.

The right to appeal is strictly a statutory right. Neither the United States Constitution nor the Kansas Constitution establishes the right to appeal. *State v. Flynn*, 274 Kan. 473, 477, 55 P.3d 324 (2002). "The State's right to appeal in a criminal case is strictly statutory, and the appellate court has jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes. *State v. Unruh*, 263 Kan. 185, 189, 946 P.2d 1369 (1997)." *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999).

K.S.A. 2006 Supp. 22-3602(b) lists the following grounds for which the prosecution can appeal:

"Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
"(1) From an order dismissing a complaint, information or indictment;
"(2) from an order arresting judgment;
"(3) upon a question reserved by the prosecution; or
"(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

K.S.A. 2006 Supp. 22-3602(f) adds "[f]or crimes committed on or after July 1, 1993, an appeal by the prosecution or the defendant relating to sentences imposed pursuant to a presumptive sentencing guidelines system as provided in K.S.A. 21-4701 *et seq*. and amendments thereto, shall be as provided in K.S.A. 21-4721 and amendments thereto."

First, the State argues that it is entitled to challenge McCarley's sentence pursuant to K.S.A. 21-4721(e), which provides:

"In any *appeal*, the appellate court may review a claim that: . . . (3) the sentencing court erred in ranking the crime severity level of the current crime or in

determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes." (Emphasis added.)

As noted by the State, K.S.A. 2006 Supp. 22-3602(f) contemplates an *appeal* by the prosecution within the parameters of K.S.A. 21-4721. See *Wendler*, 280 Kan. at 755. Nevertheless, K.S.A. 21-4721 is limited to direct *"appeals"* and has no application to the State's attempt to secure appellate review of a collateral attack on a sentence under K.S.A. 22-3504. We reiterate that the State took no *direct appeal* of McCarley's sentence; instead, it challenged the sentence after the appeal time had expired through a motion to correct illegal sentence. As has been consistently recognized by our Supreme Court, there are fundamental differences between the right to challenge a sentence on a direct appeal, and the right to challenge a sentence by collateral attack. See, *e.g.*, *Bryant v. State*, 280 Kan. 2, 118 P.3d 685 (2005).

The State cites no authority to support its argument that K.S.A. 21-4721 can be employed by the State to authorize an appeal of a collateral attack on a sentence, where neither party has preserved a direct appeal. Noting the language of subsection (a) thereof, that "the appeal shall be to the appellate courts in accordance with rules adopted by the supreme court," we conclude that the legislature did not intend the statute to be utilized in this fashion. The State has no entitlement under K.S.A. 21-4721 to collaterally attack a sentence under these circumstances.

Second, the State relies on other case law generally stating that the State can appeal a "sentencing decision" under either K.S.A. 21-4721 or K.S.A. 2006 Supp. 22-3602(b)(3) as a "question reserved." See, *e.g.*, *Wendler*, 280 Kan. 753; *State v. Miller*, 260 Kan. 892, 926 P.2d 652 (1996). Again, and for the same reasons, these cases are not directly applicable where the State has for whatever reason elected not to *appeal*, but seeks instead to mount a collateral attack upon a sentence.

Finally, there remains a question of whether the State should be allowed to proceed on a question reserved under K.S.A. 2006 Supp. 22-3602(b)(3). The Kansas Supreme Court has emphasized that questions reserved are not entertained simply to demonstrate

trial court errors which are adverse to the State or because a decision would be helpful precedent. See *State v. Tremble*, 279 Kan. 391, 393, 109 P.3d 1188 (2005). Instead, "[t]o be considered on appeal, questions reserved by the prosecution must be issues of statewide interest important to the correct and uniform administration of criminal law." *State v. Mountjoy*, 257 Kan. 163, 167-68, 891 P.2d 376 (1995). Questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether error has been committed by the trial court. *State v. Leonard*, 248 Kan. 427, 432, 807 P.2d 81 (1991).

We recognize that there is no "magic" language necessary for the State to preserve a question reserved. No formal procedural steps are required by K.S.A. 2006 Supp. 22-3602(b)(3) to appeal on a question reserved. All that is necessary for the State to reserve a question for presentation on appeal is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken, laying the same foundation for appeal that a defendant is required to lay. *Mountjoy*, 257 Kan. at 166.

The question raised by the State is whether the sentencing court erred in denying its motion to correct an illegal sentence when that sentence was based on a PSI to which the State stipulated in open court. Arguably this is a case of limited importance to statewide jurisprudence because presumably it is not often the case that the prosecution will be negligent in its review of the PSI at sentencing, especially when the judge specifically asks the prosecutor if he or she agrees with the PSI. The questions of statewide importance, however, are whether the State may file a motion to correct an illegal sentence based on an error in severity level after stipulating to it at sentencing and long after the time for appeal has run and whether the sentence imposed was illegal. Accordingly, we retain jurisdiction under K.S.A. 2006 Supp. 22-3602(b)(3), deeming the State's motion and its argument thereon as sufficient to reserve the question.

### *Was McCarley's Sentence Illegal?*

The State argues on appeal that its motion to correct an illegal sentence was proper under K.S.A. 22-3504(1). At the outset, we

note that our Supreme Court has stated that "a motion to correct an illegal sentence pursuant to K.S.A. 22-3504(1) applies in very limited circumstances." *State v. Mitchell*, 284 Kan. 374, 162 P.3d 18 (2007). Neither party to this appeal has cited any clear authority from our Supreme Court for the proposition that the State has the right to challenge a sentence under this statute. Although the statutory language appears rather broad, we are uncertain that the legislature intended to vest such rights in the State. In any event, we do not decide this broad question, concluding that McCarley's sentence was not illegal.

Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Huff*, 277 Kan. 195, 199, 83 P.3d 206 (2004). Issues requiring the interpretation and application of a sentencing statute present questions of law, thus also triggering unlimited review. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005). A motion to correct an illegal sentence under K.S.A. 22-3504 is not a substitute for a direct appeal involving mere trial errors. See *State v. Mebane*, 278 Kan. 131, 135, 91 P.3d 1175 (2004).

Kansas jurisprudence has defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served. *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 (2006).

In arguing that McCarley's sentence was illegal, the State relies principally on an unpublished opinion from a panel of this court in *State v. Davis*, No. 90,381, unpublished opinion filed April 16, 2004, *rev. denied* 278 Kan. 848 (2004). We distinguish and elect not to follow *Davis* not only due to its lack of publication (see Supreme Court Rule 7.04[f][2][i] and [ii] [2006 Kan. Ct. R. Annot. 50] [unpublished opinions are not binding precedent and are not favored for citation]), but also because in *Davis* the State had not stipulated to severity level and this court did not address the procedural vehicle utilized or timing for the State's application.

### Jurisdiction

K.S.A. 2006 Supp. 21-3107(2)(a) states that "[u]pon prosecution for a crime, the defendant may be convicted of either the crime

charged or a lesser included crime, but not both. A lesser included crime is . . . [a] lesser degree of the same crime." A crime may be a lesser included offense not only when there is an identity of elements, see K.S.A. 2006 Supp. 21-3107(2)(b), but also when one crime is a lesser degree of the other. See *State v. Shumway*, 30 Kan. App. 2d 836, 846-47, 50 P.3d 89, *rev. denied* 274 Kan. 1117 (2002).

"The charging document is the jurisdictional instrument which gives the court authority to convict a defendant of crimes charged in the complaint or of the lesser included crimes thereof. Conversely, if a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented." *State v. Horn,* 20 Kan. App. 2d 689, 692, 892 P.2d 513, *rev. denied* 257 Kan. 1094 (1995).

"Jurisdiction is the power of a court to hear and decide a matter. Jurisdiction is not limited to the power to decide a matter rightly but includes the power to decide the matter wrongly. *In re Estate of Johnson,* 180 Kan. 740, 746, 308 P.2d 100 (1957)." *State v. Sims,* 254 Kan. 1, 9, 862 P.2d 359 (1993).

It is clear that the district court had jurisdiction to convict and sentence McCarley for severity level 8 aggravated reckless battery under K.S.A. 21-3414(a)(2)(B) because it is a lesser degree of the crime charged. *Shumway*, 30 Kan. App. 2d at 850. Here, McCarley was charged with severity level 4 aggravated battery, thus providing jurisdiction for conviction and sentence on the lesser included offense of aggravated reckless battery under *both* K.S.A. 21-3414(a)(2)(A) and K.S.A. 21-3414(a)(2)(B). See *State v. Ochoa*, 20 Kan. App. 2d 1014, 1021, 895 P.2d 198 (1995), *disapproved in part on other grounds State v. Valentine*, 260 Kan. 431, 921 P.2d 770 (1996).

## *Statutory Conformance as to Character and Term of Punishment*

Was McCarley's sentence in conformance with K.S.A. 21-3414 as to both its character and term of punishment? McCarley argues on appeal that there was statutory conformance because he was sentenced appropriately for reckless aggravated battery as described generally within K.S.A. 21-3414. The State argues the sentence was not in conformance "with the statute" because McCarley

was convicted of aggravated reckless battery under K.S.A. 21-3414(a)(2)(A), but he was sentenced for aggravated reckless battery under K.S.A. 21-3414(a)(2)(B).

Although we acknowledge the distinction, we note that the formal "Record of Trial or Plea" fails to make such a distinction. Moreover, we are convinced that our Supreme Court measures the legality of sentence by general conformance to the statute defining the crime rather than a precise match of severity level to the degree of lesser included offense. See *State v. Barnes*, 278 Kan. 121, 92 P.3d 578 (2004) (court provides guidelines that seem to require only conformance to K.S.A. 65-4159 generally rather than a match between the sentence and the severity level of the crime of conviction); *State v. Phinney*, 280 Kan. 394, 399, 122 P.3d 356 (2005) (where defendant argues he can only be sentenced under K.S.A. 65-4152, his sentence under K.S.A. 65-7006 was not an illegal sentence).

Accordingly, for both of these reasons, we conclude that McCarley's sentence generally "conformed" to both the formal record of trial and to the statute defining the crime.

## *Ambiguity*

Finally, there is no question that McCarley's sentence was not ambiguous in the time or manner in which it was to be served. He was sentenced to 23 months' incarceration and 12 months' post-release supervision.

For all these reasons, we disagree with the State that McCarley received an "illegal" sentence. Although there might have been some arguable basis for the State to have received relief under K.S.A. 21-4721(i) for a "clerical error," the State did not seek relief under this statute nor did it claim in district court or on appeal that the sentence resulted from a "clerical error." In the absence of any proceedings in district court under this subsection, we decline to determine applicability or potential outcome had this argument been advanced. McCarley's sentence was not technically "illegal" and the State has not shown any basis for relief under K.S.A. 22-3504.

## Was the State Entitled to Seek Modification of McCarley's Sentence After the State Agreed to Severity Level at Sentencing?

Even if McCarley's sentence was illegal, McCarley argues that the State's failure to object to the severity level at sentencing precludes review, relying principally upon *Neal v. State*, 25 Kan. App. 2d 705, 971 P.2d 748 (1998), *rev. denied* 266 Kan. 1109 (1999). We characterize the State's conduct as more than a failure of objection, however, and conclude the State specifically agreed to severity level upon direct inquiry by the court at sentencing. We conclude that the doctrine of invited error precludes any review of the State's belated challenge to severity level.

In *Neal*, a panel of this court stated:

"When the State agrees to a defendant's criminal history, even if the criminal history is incorrect, the sentence imposed based on that criminal history is not illegal because it is a proper sentence for the agreed upon grid block. Similarly, the State cannot challenge the severity level of petitioner's crime after so stipulating earlier." 25 Kan. App. at 705.

This holding was supported by the doctrine of invited error; where a party has by his or her own actions invited the court into error, that party cannot complain or take advantage of it on appeal. See *State v. Oliver*, 30 Kan. App. 2d 665, 46 P.3d 36 (2002); *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996). As noted by McCarley, even if the State had not stipulated to the severity level, its failure to object to the severity level at sentencing would likely have precluded our review in a direct appeal. See K.S.A. 60-404; *State v. Kunellis*, 276 Kan. 461, 78 P.3d 776 (2003).

Although stipulations as to matters of law may not be binding on the court, this rule has no place in an invited error analysis. When counsel for a party invites the court into an erroneous ruling, it matters not that the ruling was one of law; the doctrine is that having invited the error, the party is estopped to complain. See, *e.g., Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 296, 64 P.3d 357 (2003) (applying invited error doctrine to bar review of error in jury instruction as to measure of compensation in condemnation proceeding); *Wallace v. Wallace*, 214 Kan. 344, 520 P.2d

1221 (1974) (applying invited error doctrine to bar review of form of judgment); *Sultani v. Bungard,* 35 Kan. App. 2d 495, 131 P.3d 1264 (2006) (applying invited error doctrine to bar review of the court's acceptance of a jury verdict); *Schauf v. Schauf,* 33 Kan. App. 2d 665, 676-77, 107 P.3d 1237, *rev. denied* 280 Kan. 984 (2005) (applying invited error doctrine to bar review of dual appointment of master and mediator); *Beltz v. Dings,* 27 Kan. App. 2d 507, 510, 6 P.3d 424 (2000) (applying invited error doctrine to bar review of evidentiary ruling). In fact, we believe the only exception to the invited error doctrine is when the issue is jurisdiction. See *State v. Belcher,* 269 Kan. 2, 9, 4 P.3d 1137 (2000). As discussed above, there is no bona fide issue of the trial court's jurisdiction to sentence McCarley to the severity level 8 crime.

Our conclusion is also consistent with generally recognized prosecutorial discretion. Although prior convictions may not be plea bargained away, the prosecution certainly can enter into pleas that agree not to charge certain crime or that charge crimes that may be a lesser degree or a lesser included offense of what could be a greater crime under the facts. See K.S.A. 21-4713. Unquestionably, the prosecuting attorney is the representative of the State in criminal prosecutions, and he or she controls the prosecution. As the prosecuting attorney, his or her discretion extends to the power to determine who shall be prosecuted and what crimes shall be charged. *State v. Williamson,* 253 Kan. 163, 165, 853 P.2d 56 (1993). It seems inconsistent to adopt the State's argument that the trial court lacked jurisdiction to accept the State's stipulation to a conviction and sentence of a lesser degree of the crime charged at sentencing when the State had the authority to enter into a plea agreement that would have the same effect.

Finally, we note that the State's agreement to the severity level at time of sentencing bars any appellate review for an additional reason: K.S.A. 21-4721(c)(2) provides that we "shall not" review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." Here there was a clear *agreement* between the State and the defendant that *resulted* in a sentence for the severity level 8 crime.

We believe this statute also precludes any appellate review of the sentence in any event.

Here, the State clearly and unambiguously informed the district court upon inquiry that the severity level of the crime was properly identified in the PSI, and the court sentenced McCarley accordingly. The actions of the State at time of sentencing preclude any complaint regarding severity level basis for sentencing.

### *Was McCarley Properly Convicted of a Lesser Included Offense of Aggravated Battery?*

On cross-appeal, McCarley argues reckless aggravated battery is not a lesser included offense of intentional aggravated battery, and because reckless aggravated battery was not charged in the complaint, the district court lacked jurisdiction to enter the conviction. Our standard of review is unlimited on whether a crime is a lesser included offense, which is a question of law. *State v. Hebert*, 277 Kan. 61, 104, 82 P.3d 470 (2004).

K.S.A. 2006 Supp. 21-3107(2) provides that a defendant may be convicted of either the crime charged or a lesser included crime. A lesser included crime is statutorily defined as a lesser degree of the same crime, a crime where all of the elements of the lesser crime are identical to some of the elements of the crime charged, or an attempt to commit the crime charged. K.S.A. 2006 Supp. 21-3107(2)(c), (d).

In order for the jury to convict McCarley of severity level 4 offense of aggravated battery under K.S.A. 21-3414(a)(1)(A), the State was required to establish that he "[i]ntentionally caus[ed] great bodily harm to another person or disfigurement of another person." K.S.A. 21-3201(b) provides: "Intentional conduct is conduct that is purposeful and willful and not accidental. As used in this code, the terms 'knowing,' 'willful,' 'purposeful,' and 'on purpose' are included within the term 'intentional.' "

As noted above, the trial court instructed the jury on severity level 5 aggravated battery under K.S.A. 21-3414(a)(2)(A), as a lesser included offense, which requires "recklessly causing great bodily harm to another person or disfigurement of another person." K.S.A. 21-3201(c) provides:

"Reckless conduct is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'wantonness' are included within the term 'recklessness' as used in this code."

McCarley's argument is erroneously based on the holding in *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006), and also the claim that lesser included offenses must be based solely on an identity of elements test. We disagree. The legislature has not instituted such a limitation. We will not limit our consideration of lesser included offenses only to the strict elements test. K.S.A. 2006 Supp. 21-3107(2)(a) specifically provides that a lesser included offense is a lesser degree of the same crime. When interpreting statutes, ordinary words are given their ordinary meaning and the legislature's intent is clear and unambiguous in K.S.A. 2006 Supp. 21-3107(2)(a). See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

The distinction between aggravated battery as defined in 21-3414(a)(1)(A) and as defined in 21-3414(a)(2)(A) is one of degree of intentionality. Both crimes, however, are proscribed within the same statute, which clearly establishes degrees of the same general crime, that of aggravated battery. It is the function of a jury to decide whether the actions were intentional or reckless and whether the harm was great. See *State v. Ochoa*, 20 Kan. App. 2d 1014, 1020-21, 895 P.2d 198 (1995), *disapproved in part on other grounds State v. Valentine*, 260 Kan. 431, 435, 921 P.2d 770 (1996).

We conclude that the district court had jurisdiction to convict McCarley of the lesser included offense of reckless aggravated battery under K.S.A. 21-3414(a)(2)(A).

### *Did the Trial Court Err in Not Instructing the Jury on Proximate Cause?*

Finally, McCarley argues on his cross-appeal that the district court erred when it failed to instruct the jury that his actions had to be the proximate cause of the victim's injuries to find him guilty of reckless aggravated battery. McCarley suggests the following instruction should have been given: "The fault or lack of fault of

[the victim] is a circumstance to be considered along with all the other evidence to determine whether the defendant's conduct was or was not the direct cause of [the victim's] injuries."

The failure to give an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that absent the alleged error there was a real possibility the jury would have returned a different verdict. See *State v. Pabst*, 273 Kan. 658, 660, 44 P.3d 1230, *cert. denied* 537 U.S. 959 (2002).

The jury instructions clearly informed the jury that in order to convict McCarley of reckless aggravated battery, he must have *"caused* great bodily harm or disfigurement" to the victim. (Emphasis added.) We do not find the failure to give a proximate cause jury instruction was clearly erroneous. We are firmly convinced there is no real possibility the jury would have returned a different verdict had the instruction been given. All of the circumstances surrounding the causation of the victim's injuries were presented to the jury, and the lack of a proximate cause jury instruction would not have changed the outcome.

Affirmed.

KNUDSON, J., concurring in part and dissenting in part: I agree with the majority that McCarley's cross-appeal should be denied. However, I do not agree a legal sentence was imposed by the trial court. I would sustain the State's appeal, vacate the illegal sentence, and remand for resentencing of the defendant.

The majority's discussion of appellate jurisdiction is confusing. The majority emphasizes the State failed to make a timely appeal from the sentence imposed by the trial court ("[T]he State has for whatever reason elected not to *appeal*, but seeks instead to mount a collateral attack upon a sentence."). Next, however, the majority concludes we should retain jurisdiction of the appeal as a question reserved under K.S.A. 2006 Supp. 22-3602(b)(3). Thus the majority reluctantly recognizes the State's right to challenge an illegal sentence at any time, provided a timely appeal is taken from the trial court's denial of a motion to correct the sentence. I would prefer the more direct route the Supreme Court has noted:

"This court has general statutory jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that any such act, order, or judgment is just, legal, and free of abuse. This court also has specific statutory jurisdiction to correct an illegal sentence at any time. A sentence entered where a court lacks jurisdiction is an illegal sentence which we may correct on appeal." *State v. Vanwey*, 262 Kan. 524, Syl. ¶ 1, 941 P.2d 365 (1997).

The *Vanwey* holding is based on K.S.A. 60-2101(b) and K.S.A. 22-3504. The Supreme Court's holding makes unnecessary any discussion regarding a question reserved under K.S.A. 2006 Supp. 22-3602(b)(3).

*McCarley's Sentence Was Illegal*

An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served. *State v. Nash*, 281 Kan. 600, 133 P.3d 836 (2006).

The majority reasons, notwithstanding McCarley's conviction of reckless aggravated battery—a severity level 5 person felony, that the district court had jurisdiction to sentence for a nonexistent severity level 8 person felony. The majority states "[i]t is clear that the district court had jurisdiction to convict and sentence McCarley for severity level 8 aggravated reckless battery," as a lesser degree of the crime charged. I do not agree. McCarley was convicted of a severity level 5 person felony and the sentence imposed did not conform to the statutory provision for the conviction of record. I submit the *"Jurisdiction"* section of the majority opinion fails to recognize the district court did not have the judicial power to impose a sentence not authorized by or in conformity with the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*

I believe the correct question to be asked is whether the sentence imposed conformed to the sentence required for the conviction of record. If it did not, the sentence is illegal and under K.S.A. 22-3504 and K.S.A. 60-2101(b) may be corrected at any time. *Vanwey*, 262 Kan. 524, Syl. ¶ 1. I conclude that as a matter of law the sentence imposed was nonconforming and therefore illegal. The

majority relies on authorities that recognize, for one reason or another, that the sentences imposed were conforming to the crimes of conviction; thus, those cases are all distinguishable from the present circumstance in which the trial court imposed a sentence not authorized by law for the conviction of record.

### Invited Error Is Not Applicable

The majority concedes the invited error doctrine is not applicable if the district court did not have jurisdiction to impose the sentence that was imposed, appropriately citing to *Kunellis,* 276 Kan. 461.

Both parties address the unpublished case of *State v. Davis,* Case No. 90,381, opinion filed April 16, 2004, *rev. denied* 278 Kan. 848 (2004). In *Davis,* the defendant was convicted of severity level 5 attempted aggravated robbery with a stipulated category A criminal history. However, the PSI listed the offense as severity level 7 and listed an appropriate sentence range for grid box "7-A." Neither the district judge nor the parties noticed the error. The district court sentenced Davis to 32 months, a presumptive sentence in grid box "7-A." Sometime after the sentencing hearing, an amended PSI was prepared listing attempted aggravated robbery as a severity level 5 crime with a sentencing range of 122-136 months. The district court held a second sentencing hearing and sentenced Davis to 122 months' incarceration. Citing *State v. Reedy,* 25 Kan. App. 2d 536, 967 P.2d 342, *rev. denied* 266 Kan. 1114 (1998), the *Davis* court held that when a sentence does not conform to the statutorily authorized punishment, the sentence is illegal and the district court has jurisdiction to correct the sentence. The *Davis* court concluded that Davis' original sentence was illegal because it did not conform to the applicable statutory provisions.

I find *Davis* to be persuasive. In the present appeal, the sentence imposed did not conform to the requirements of law and was therefore illegal. The trial court did not have jurisdiction to impose the sentence that was imposed and in doing so acted outside its authority under the KSGA. Accordingly, the doctrine of invited error does not preclude the State from moving to correct the illegal sentence.

*There Was No Agreement Between The Parties*

According to the majority, "there was a clear *agreement* between the State and the defendant which *resulted* in a sentence for the severity level 8 crime." Consequently, the majority holds the agreement precludes appellate review of the sentence imposes. I do not agree. The record on appeal does not suggest any such agreement, and neither party on appeal suggest there was an agreement. To the contrary, it is apparent both parties were asleep at the wheel when McCarley was sentenced and neither counsel caught the severity level error in the PSI. At sentencing, there was this narrative:

"THE COURT: The Presentence Investigation shows this to be a severity level 8 offense, shows Steven to have a criminal history of A. Any dispute by the State as to severity level or criminal historycriminal historywith severity level?
"MR. SMITH (prosecutor): No, your Honor."

Similar questions were asked of defendant's attorney.

The colloquy demonstrates both parties misspoke as to the severity level of the offense. There is no evidence in the record to support the majority's conclusion of an agreement between the parties to circumvent the verdict of the jury.

*Summary*

I conclude (1) an illegal sentence was imposed; (2) an illegal sentence may be corrected at any time; (3) the doctrine of invited error is not applicable because the sentence imposed was illegal; and (4) there is no evidence to support an agreement between the parties to circumvent the verdict of the jury or the requirements of law. Accordingly, I would sustain the State's appeal and remand for resentencing in conformity with the KSGA.