Yvonne Anderson, General Counsel Kansas Department of Health and Environment Curtis State Office Building 1000 SW Jackson Street, Suite 560 Topeka, Kansas 66612
Dear Ms. Anderson:
As general counsel for the Kansas Department of Health and Environment, you ask what is contemplated by the term "complaint" as used in K.S.A. 65-515 which provides:
 "The county attorney of each county in this state is hereby authorized and required, upon complaint of any authorized agent of the secretary of health and environment, to file complaint and prosecute to the final determination all actions or proceedings against any person under the provisions of this act."[1]
"This act" refers to K.S.A. 65-501 et seq. which, with some exceptions, requires persons and entities who operate a maternity center or child care facility to be licensed by the Kansas Department of Health and Environment (KDHE).[2] Violation of this requirement or any other provision within the act is a misdemeanor.[3]
K.S.A. 65-515 was first enacted in 1919[4] and has remained the same since that time, other than the original reference to the "State Board of Health" being changed in 1974 to refer to KDHE.[5] Prior to 1919 and for many years thereafter, the original criminal case pleading in a justice of the peace court was called a complaint, [6] while the original pleading in a district court criminal case was referred to as an information or indictment. A "complaint" consisted of a written allegation or charge against a party for a misdemeanor[7] made under oath or affirmation to a justice of the peace by any person competent to testify;[8] strict and technical rules of pleading were not required and a complaint made in the language of the statute was sufficient.[9]
The justice of the peace would then issue an arrest warrant with a trial subsequently ensuing.[10] The trial could be prosecutedeither by the person who filed the complaint or by the county attorney. Under the applicable statute at the time, the county attorney was required to "appear and prosecute" a misdemeanor only when requested by the justice of the peace.[11]
While somewhat awkward today, [12] the original language of K.S.A.65-515 contemplated an authorized agent of the state board of health submitting a complaint, i.e., a written allegation that a person had committed a misdemeanor in violation of the Maternity Hospitals or Homes, and Homes for Infants or Children Act, [13] to a county attorney. A county attorney was then "authorized and required" to file that complaint with a justice of the peace and initiate a misdemeanor prosecution. This process contrasted with the typical justice court procedure that authorized any "person competent to testify" to initiate and prosecute a misdemeanor proceeding, absent a request by the justice of the peace hearing the case. For a violation of that original act, the statute contemplated that only a county attorney would prosecute.
Prior to 1972, the justice of the peace court was a constitutionally created court, along with a supreme court, district courts, probate courts and such other inferior courts as provided by law.[14] After 1972, with an amendment to the Kansas constitution, justice of the peace courts were eliminated and judicial power of the state was then vested in one court of justice, divided into a supreme court, district courts, and other courts as provided by law.[15] Since then any prosecution is commenced by filing a complaint[16] which, with some exceptions not applicable to this discussion, is "a written statement under oath of the essential facts constituting a crime."[17]
While the context and use of the term "complaint" has evolved somewhat over the years, the essential meaning of the term has not. Thus, as used first in K.S.A. 65-515, "complaint of any authorized agent of the secretary of health and environment" is a written statement by such an agent under oath setting forth the essential facts that constitute a misdemeanor violation of the Maternity Centers and Child Care Facilities Act.[18] As further used in that statute, "complaint" refers to the document a county attorney would use to initiate a prosecution of that Act, which is also a written statement under oath of the essential facts constituting a crime.
One additional matter should be addressed in relation to K.S.A.65-515, which is this statute's apparent requirement that the county attorney file a complaint and prosecute a case upon receipt of a complaint from the Secretary of Health and Environment. While the statute uses the phrase "the county attorney . . . is . . . required," Kansas case law clearly provides a county attorney broad discretion in the discharge of his or her duties.
 "A county attorney or district attorney is the representative of the State in criminal prosecutions. As such, he or she controls criminal prosecutions. It is the county or district attorney who has the authority to dismiss any charge or to reduce any charge. The prosecuting attorney has broad discretion in discharging his or her duty. The scope of this discretion extends to the power to investigate and to determine who shall be prosecuted and what crimes shall be charged. The prosecuting attorney has discretion to dismiss charges, and the court cannot refuse to allow a dismissal. Similarly, the court cannot restrain a prosecutor from prosecuting an action."[19]
Accordingly, notwithstanding K.S.A. 65-515's "requirement," a county prosecutor retains discretion to determine whether to initiate a criminal prosecution.
Sincerely,
 Steve Six Attorney General
 Camille Nohe Assistant Attorney General
SNS:MF:CN:jm
[1] Emphasis added.
[2] K.S.A. 65-501.
[3] K.S.A. 65-514 ($5 to $50 fine for each day of failure or refusal to comply with requirement of act).
[4] L. 1919, ch. 210, § 15.
[5] L. 1974, ch. 352, § 94.
[6] State v. McCombs, 164 Kan. 334, 335 (1948), citing State v.Brooks, 33 Kan. 708, 710 (1885) and State v. Morris, 124 Kan. 143, 154
(1927).
[7] State v. Goetz, 65 Kan. 125 (1902).
[8] R.S. 1923, 63-201.
[9] Armour Packing Co. v. Howe, 68 Kan. 663 (1904).
[10] R.S. 1923, 63-201.
[11] G.S. 1868, ch. 83, § 29; R.S. 1923, 63-505.
[12] I.e., "county attorney . . . is . . . authorized and required, upon complaint of any authorized agent of the state board of health, to file complaint and prosecute. . . ."
[13] R.S. 1923, 65-501 et seq. (precursor to K.S.A. 65-501etseq., the current Maternity Centers and Child Care Facilities Act).
[14] Kan. Const., art 3, § 1 (1859); Mason v. Brubel, 64 Kan. 835
(1902).
[15] Kan. Const., art. 3, § 1 (1972).
[16] K.S.A. 22-2301
[17] K.S.A. 22-2202(8).
[18] K.S.A. 65-501 et seq.
[19] State v. Williamson, 235 Kan. 163, 165-166 (1993) (emphasis added) (internal citations omitted). See State v. McCarley, 38 Kan.App.2d 165, 176 (2007). We note that because of the statutory requirement directing a county attorney to file a complaint, K.S.A.65-515 may be vulnerable to a separation of powers challenge. See Stateex rel. Morrison v. Sebelius, 285 Kan. 875 (2008) (legislature cannot override Attorney General's ethical duty as an officer of the court to not initiate frivolous legal proceedings). We also note that should a county attorney consider a complaint from the Secretary of Health and Environment to be insufficient, Rule 3.8 of the Rules of Professional Conduct prohibits a prosecutor from "prosecuting a charge that the prosecutor knows is not supported by probable cause."