(166 P.3d 435)
No. 96,452

STATE OF KANSAS, *Appellant,* v. ZEENA MOFFIT, *Appellee.*

Opinion filed September 7, 2007.

*Bobby J. Hiebert, Jr.*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, for appellant.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, for appellee.

Before MALONE, P.J., BUSER and LEBEN, JJ.

Buser, J.: Zeena Moffit was convicted of conspiracy to unlawfully manufacture methamphetamine in violation of K.S.A. 21-3302(a) and K.S.A. 65-4159(a). Over the State's objection, the district court granted Moffit a dispositional departure and she was placed on probation. The State appeals this ruling on a question reserved under K.S.A. 2006 Supp. 22-3602(b)(3).

The question reserved: Does K.S.A. 65-4159(b), which provides that any person who engages in the unlawful manufacturing or attempting to unlawfully manufacture any controlled substance "shall not be subject to statutory provisions for suspended sentence, community work service, or probation," prohibit a sentencing court from granting probation to a defendant convicted of *conspiracy* to unlawfully manufacture methamphetamine? We hold K.S.A. 65-4159(b) does not prohibit a sentencing court from granting probation to a defendant convicted of conspiracy to unlawfully manufacture methamphetamine in violation of K.S.A. 21-3302(a) and K.S.A. 65-4159(a). Given this holding, we affirm.

*Factual and Procedural Background*

On February 13, 2006, based upon a plea agreement, Moffit was convicted of conspiracy to unlawfully manufacture methamphetamine. Prior to sentencing, Moffit filed a motion for dispositional and durational departures seeking probation and a reduced 24-month sentence.

At the sentencing hearing on April 3, 2006, the State agreed to Moffit's motion for a downward durational departure sentence of 24 months. The State objected, however, to Moffit's downward dispositional departure motion requesting probation. The district court granted Moffit both a durational and dispositional departure,

sentencing her to a 24-month probation with Community Corrections, with an underlying sentence of 24 months' incarceration.

The State filed a timely notice of appeal.

*Question Reserved*

At the outset, because the district court granted Moffit a dispositional departure, the State could have appealed this sentence under K.S.A. 21-4721(a). Given the State's decision to proceed with this appeal upon a question reserved under K.S.A. 2006 Supp. 22-3602(b)(3), however, we initially consider whether this question reserved merits appellate review. Moffit contends the question reserved by the State "is not of state wide importance and a decision on these facts would not aid in the correct and uniform administration of the criminal law in future cases."

Kansas law addressing an appellate court's review of a question reserved by the State is well settled: "A question reserved by the State will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the State." *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). "It is long-established that the purpose of a State's appeal on a question reserved is to provide an answer to a question of statewide importance that will aid in the correct and uniform administration of the criminal law in future cases. [Citation omitted.]" *State v. Mathis*, 281 Kan. 99, 103, 130 P.3d 14 (2006).

The question reserved by the State is one of first impression that is likely to arise in the future. Moreover, this question does not require us to analyze unique factual circumstances but may be resolved solely as a matter of statutory interpretation. Accordingly, we review this question because it is "a novel issue of statewide interest." *State v. Hodges*, 241 Kan. 183, 190, 734 P.2d 1161 (1987).

*Applicability of K.S.A. 65-4159(b) to Persons Convicted of*
*Conspiracy to Unlawfully Manufacture Methamphetamine*

The State contends the district court erred in granting Moffit probation upon her conspiracy to unlawfully manufacture methamphetamine conviction because "[i]t is clear according to . . .

65-4159(b) that a defendant convicted pursuant to that statute must serve the sentence imposed in the custody of the Secretary of Corrections."

The question reserved requires our interpretation of K.S.A. 65-4159(b). "Interpretation of a sentencing statute is a question of law, and the appellate court's standard of review is unlimited." *Abasolo v. State,* 284 Kan. 299, Syl. ¶ 1, 160 P.3d 471 (2007).

Our review is predicated on long-standing rules of statutory construction:

"Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature, rather than determine what the law should or should not be." *State v. McCurry,* 279 Kan. 118, Syl. ¶ 1, 105 P.3d 1247 (2005).

With regard to interpretation of criminal statutes:

"The general rule is that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent." *Abasolo,* 284 Kan. 299, Syl. ¶ 2.

K.S.A. 65-4159(a) provides that "[e]xcept as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture any controlled substance or controlled substance analog." Methamphetamine is included as a controlled substance within the meaning of this statute. See K.S.A. 65-4107(d)(3); K.S.A. 65-4150(a).

The specific subsection at issue in the present case, K.S.A. 65-4159(b), mandates:

"Any person violating the provisions of this section with respect to the unlawful manufacturing or attempting to unlawfully manufacture any controlled substance or controlled substance analog, upon conviction, is guilty of a drug severity level 1 felony and the sentence for which *shall not be subject to statutory provisions for suspended sentence, community work service, or probation.*" (Emphasis added.)

The plain language of K.S.A. 65-4159(b) clearly prohibits a sentencing judge from granting probation upon a defendant's convic-

tion of unlawfully manufacturing or attempting to unlawfully manufacture a controlled substance.

Nowhere in the provisions of K.S.A. 65-4159, however, is found any prohibition of probation in cases wherein a defendant is convicted of conspiracy to unlawfully manufacture a controlled substance. Indeed, the crime of conspiracy is not mentioned in any of the provisions of K.S.A. 65-4159. Given the plain language of this statute, we are unable to find any indication that its provisions apply to a defendant convicted of conspiracy to unlawfully manufacture methamphetamine.

Nevertheless, the State directs us beyond the plain language of K.S.A. 65-4159(b) to the provisions of the conspiracy statute, K.S.A. 21-3302. This statute provides: "A conspiracy is an agreement with another person to commit a crime or to assist in committing a crime." K.S.A. 21-3302(a). Subsection (d) of 21-3302 sets forth sentencing provisions for conspiracy offenses in drug cases: "Conspiracy to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months."

K.S.A. 21-3302 does not reference K.S.A. 65-4159(b), nor does it prohibit a sentencing judge from granting probation in conspiracy to unlawfully manufacture methamphetamine cases. The conspiracy statute simply dictates a 6-month reduction in the prison term prescribed on the drug-grid block for the underlying or completed crime. See *State v. Hernandez*, 24 Kan. App. 2d 285, 290, 944 P.2d 188, *rev. denied* 263 Kan. 888 (1997) (citing K.S.A. 21-3302[d] when calculating the presumptive sentence); *State v. McCallum*, 21 Kan. App. 2d 40, 43, 895 P.2d 1258, *rev. denied* 258 Kan. 861 (1995) (same). Moreover, the conspiracy statute does not set forth any other sentencing provisions applicable to drug-related conspiracy cases. In short, the plain language of K.S.A. 21-3302 does not prohibit a sentencing judge from granting probation as an authorized sentencing disposition in conspiracy to unlawfully manufacture methamphetamine cases.

The State argues that "K.S.A. . . . 65-4159 and K.S.A. 21-3302 must be read together and blended in a common sense fashion," and based on that construction, "it is nothing but clear that im-

prisonment is required but that said imprisonment must be reduced by six (6) months."

We first note our Supreme Court's instruction, made in another context, that "[t]he only penalty provision applicable to a violation of K.S.A. 65-4159 is contained in that section." *State v. Layton*, 276 Kan. 777, 782, 80 P.3d 65 (2003) (holding penalties in the Uniform Controlled Substances Act did not control over the text of K.S.A. 65-4159).

The State's argument presumes that because K.S.A. 65-4159(a) applies to any *attempt* to unlawfully manufacture a controlled substance, it also applies to other anticipatory crimes, such as *conspiracy* to unlawfully manufacture a controlled substance.

Attempt and conspiracy, however, are separate anticipatory crimes under Article 33 of Chapter 21 of the Kansas Statutes Annotated. See K.S.A. 21-3301 and K.S.A. 21-3302. Anticipatory crimes are "[b]y their very nature, . . . complete before the other crime or crimes with which they are concerned has or have been consummated." *State v. Hill*, 252 Kan. 637, 644, 847 P.2d 1267 (1993); see also *State v. Mims*, 264 Kan. 506, 517, 956 P.2d 1337 (1998) ("The commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses."). Conspiracy to unlawfully manufacture methamphetamine is, therefore, a separate and distinct offense from unlawfully manufacturing methamphetamine or attempting to unlawfully manufacture methamphetamine—offenses for which the granting of probation is specifically prohibited under K.S.A. 65-4159(b).

While we believe the meaning of K.S.A. 65-4159(b) is clear, one additional rule of statutory interpretation resolves any ambiguity that may arise when that statute is read in conjunction with K.S.A. 21-3302.

"The maxim *expressio unius est exclusio alterius*, *i.e.*, the inclusion of one thing implies the exclusion of another, may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. [Citations omitted.] Under this rule, when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998).

Applying this rule to the present case, the legislature specifically included the anticipatory crime of attempting to unlawfully manufacture a controlled substance in the provisions of K.S.A. 65-4159(b). This express inclusion, however, suggests the legislature specifically excluded any reference to other, unmentioned, anticipatory crimes, including conspiracy to unlawfully manufacture a controlled substance.

This same rule of statutory construction is applicable to K.S.A. 65-4159(d), which specifically disallows the 6-month reduction in sentence set forth in the attempt statute, K.S.A. 21-3301(d), when the underlying crime is an attempt to manufacture a controlled substance. K.S.A. 65-4159(d), however, does not mention the 6-month reduction in sentence provided in identical provisions of the conspiracy statute. See K.S.A. 21-3302(d). This is further indication that the legislature made a purposeful distinction between the separate crimes of attempting to unlawfully manufacture a controlled substance and conspiracy to unlawfully manufacture a controlled substance.

We conclude from a plain reading of K.S.A. 65-4159(b) that the legislature did not intend to prohibit a sentencing judge from granting probation to a defendant convicted of conspiracy to manufacture methamphetamine. Moreover, when considering K.S.A. 21-3302 and K.S.A. 65-4159(b) together, our interpretation results in a working harmony that reflects our understanding of the legislature's intent. *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, Syl. ¶ 2, 69 P.3d 1087 (2003). Although the district court in the present case did not engage in this precise analysis, its judgment is upheld. See *State v. Hoge*, 276 Kan. 801, 807, 80 P.3d 52 (2003).

Affirmed.