NOT DESIGNATED FOR PUBLICATION

No. 114,505

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER D. WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed December 23, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Amy J. Mellor*, assistant county attorney, *Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*: This is Christopher D. Wilson's second appeal concerning the legality of his sentence. Wilson was convicted of aiding and abetting the manufacture of methamphetamine. At sentencing, Wilson sought a dispositional departure to probation from the presumptive prison sentence which was granted by the district court. The State subsequently filed a motion to correct an illegal sentence, asserting that K.S.A. 2011 Supp. 21-5703(d) prohibited the district court from placing Wilson on probation. The district court denied the State's motion, finding that K.S.A. 2011 Supp. 21-5703(d) did not apply to Wilson and alternatively ruling that the statute was unconstitutional. The

1

district court did not make any findings to support its ruling that the statute was unconstitutional.

The State appealed, and a panel of this court agreed with the State that the statute prohibited the district court from placing Wilson on probation. The case was remanded for resentencing and for additional findings of fact and conclusions of law regarding the district court's ruling that the statute was unconstitutional. Ultimately, the district court reversed itself, reluctantly ruled that the statute was not unconstitutional, and sentenced Wilson to 169 months in prison.

Wilson now appeals, asserting that K.S.A. 2011 Supp. 21-5703(d) violates the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and § 1 of the Kansas Constitution Bill of Rights because the statute permits a district court to place individuals convicted of conspiracy to commit the manufacture of methamphetamine on probation but denies that opportunity to similarly situated individuals—like Wilson—convicted of aiding and abetting the manufacture of methamphetamine. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, a jury convicted Wilson of one count of aiding and abetting the manufacture of methamphetamine, a severity level 1 nonperson felony in violation of K.S.A. 2011 Supp. 21-5703(a) and K.S.A. 2011 Supp. 21-5210(a). Wilson moved for a downward durational and/or dispositional departure, claiming that he played a minor role in the crime and that the degree of harm or loss attributed the crime was significantly less than typical for such an offense because the product was not distributed to others who were not involved in its manufacture. Wilson also noted that his codefendants received generous plea agreements from the State.

Because of Wilson's criminal history score of C and the severity level of the crime, his sentencing range was between 169 and 187 months with a presumption of imprisonment. The district court gave Wilson the choice of two alternative sentences: (1) 187 months in prison and placement on probation or (2) 178 months in prison. After hearing Wilson's response, the district court sentenced Wilson to 187 months in prison. However, the district court granted Wilson's motion for a dispositional departure and placed him on probation for 36 months.

The State filed a motion to correct an illegal sentence, asserting that Wilson's sentence was illegal under K.S.A. 2011 Supp. 21-5703(d) because that statute prohibited the district court from granting probation to a person convicted of a crime under K.S.A. 2011 Supp. 21-5703. After a hearing, the district court rejected the State's argument, ruling that K.S.A. 2011 Supp. 21-5703(d) did not apply to Wilson. In the alternative, the district court ruled that if the statute did apply, then it was unconstitutional.

The State appealed to a panel of this court, which concluded that K.S.A. 2011 Supp. 21-5703(d) was applicable to Wilson and Wilson received an illegal sentence because the district court improperly placed him on probation. *State v. Wilson*, No. 109,909, 2014 WL 1096939, at *5 (Kan. App. 2014), *rev. denied* 301 Kan. 1052 (2015). In rejecting Wilson's claim that the statute did not apply to one convicted of aiding and abetting a crime under K.S.A. 2011 Supp. 21-5703, the panel concluded

> "[T]he district court erred in finding that K.S.A. 2011 Supp. 21-5703(d) did not apply to Wilson because he was an aider and abettor. As an aider and abettor, Wilson should be sentenced exactly as a principal. Because Wilson was convicted of aiding and abetting the manufacture of methamphetamine, K.S.A. 2011 Supp. 21-5703(d) prohibited a sentence of probation. Thus, Wilson's sentence of probation constituted an illegal sentence under the statute." 2014 WL 1096939, at *5.

3

The case was remanded to the district court for resentencing in compliance with K.S.A. 2011 Supp. 21-5703(d). But because the district court had alternatively declared K.S.A. 2011 Supp. 21-5703(d) unconstitutional without making any additional findings, the panel also directed the district court to make additional findings regarding the constitutionality of the statute. 2014 WL 1096939, at *5-6.

At resentencing, Wilson repeated his argument that the provision in K.S.A. 2011 Supp. 21-5703(d) prohibiting probation in manufacturing cases was unconstitutional under both the state and federal Constitutions as a violation of both the Equal Protection Clauses and as cruel and unusual punishment. The district court indicated it believed the statute was likely unconstitutional but declined to make such a finding, upholding the statute as constitutional instead. Stated the court:

> "When a Court of Appeals sends a case back down to a trial judge and says make your findings on unconstitutionality, I'm guessing that they don't think it's unconstitutional or they would have ruled that themselves. Maybe I'm guessing wrong. Both of you have made very strong arguments. I tend to personally agree with [defense counsel], but it's not such an overwhelming feeling that I have the courage to make that decision and then get reversed by the Court of Appeals. So I am going to not make the finding that it is unconstitutional; although, that's the decision I would kind of tend to make. So that leaves me with following the dictate of the Court of Appeals."

The district court sentenced Wilson to a modified term of 169 months in prison. Wilson timely appeals.

DOES K.S.A. 2011 SUPP. 21-5703(d) VIOLATE THE EQUAL PROTECTION CLAUSES OF THE FEDERAL AND STATE CONSTITUTIONS?

Wilson claims that K.S.A. 2011 Supp. 21-5703(d) is unconstitutional in that it violates the Equal Protection Clauses of the Fourteenth Amendment and § 1 of the

4

Kansas Constitution Bill of Rights because the statute treats similarly situated individuals differently without any justification. Wilson claims that K.S.A. 2011 Supp. 21-5703(b) permits the district court to place those individuals convicted of conspiracy to manufacture methamphetamine on probation but that K.S.A. 2011 Supp. 21-5703(d) denies that opportunity to similarly situated individuals like himself who were convicted of aiding and abetting the manufacture of methamphetamine.

The determination of whether a provision of the revised Kansas Sentencing Guidelines Act, K.S.A. 2015 Supp. 21-6801 *et seq*., is unconstitutional is a question of law, and our review is unlimited. *State v. Johnson*, 286 Kan. 824, 842, 190 P.3d 207 (2008). "We presume statutes are constitutional and must resolve all doubts in favor of a statute's validity." *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014). Our duty is to interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016).

The Fourteenth Amendment's Equal Protection Clause provides that "no state shall deny to any person within its jurisdiction the equal protection of the laws" and "requires that states treat similarly situated individuals similarly." *State v. Cheeks*, 298 Kan. 1, Syl. ¶¶ 1, 3, 310 P.3d 346 (2013); see *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 602, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008). "Section 1 of the Kansas Constitution Bill of Rights [similarly] states: 'All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness.' Section 1 and the Fourteenth Amendment . . . provide virtually the same protections." *Miller v. Johnson*, 295 Kan. 636, 665-66, 289 P.3d 1098 (2012). Because Wilson makes no distinction between them, we apply the same analysis to both.

Kansas courts evaluate equal protection challenges using a three-step process:

5

"First, the court considers whether the legislation creates a classification resulting in different treatment of similarly situated individuals. Second, if the statute does treat 'arguably indistinguishable' individuals differently, then the court examines the nature of the classification or right at issue to determine the appropriate level of scrutiny. Finally, the court applies the proper level of scrutiny to the statute." *Cheeks*, 298 Kan. 1, Syl. ¶ 2.

Under the first step of our analysis, the Equal Protection Clause is implicated only if there is a differential treatment of similarly situated individuals. *State v. Salas*, 289 Kan. 245, 248, 210 P.3d 635 (2009). It is the burden of the party raising an equal protection argument to demonstrate that he or she is similarly situated to other individuals treated differently, and our review of whether members of a class are receiving different treatment is restricted to "the distinctions argued by the complaining party." 289 Kan. at 249. Determining whether individuals are similarly situated is "not always susceptible to ease of application." *In re Tax Appeal of Weisgerber*, 285 Kan. 98, 106, 169 P.3d 321 (2007). "Unless a party meets his or her 'similarly situated' burden, we do not move to our second step in equal protection analysis." *State v. Huerta*, 291 Kan. 831, 834, 247 P.3d 1043 (2011).

Because Wilson was convicted of aiding and abetting the manufacture of methamphetamine, K.S.A. 2011 Supp. 21-5703(d) prohibits the district court from placing him on probation. K.S.A. 2011 Supp. 21-5703 provides in relevant part:

"(a) It shall be unlawful for any person to manufacture any controlled substance or controlled substance analog.

"(b) Violation or attempted violation of subsection (a) is a drug severity level 1 felony. The provisions of subsection (d) of K.S.A. 2011 Supp. 21-5301, and amendments thereto, shall not apply to a violation of attempting to unlawfully manufacture any controlled substance pursuant to this section.

. . . .

"(d) The sentence of a person who violates this section shall not be subject to statutory provisions for suspended sentence, community service work or probation."

6

Here, Wilson defines the parameters of this class as those individuals who have been convicted of aiding and abetting the manufacture of methamphetamine and those convicted of conspiracy to manufacture methamphetamine. Wilson complains that those convicted of aiding and abetting the manufacture of methamphetamine are denied the opportunity for probation while those convicted of conspiracy to manufacture methamphetamine may be placed on probation. Wilson claims there is no justification for the difference between the two classes of similarly situated individuals. In response, the State suggests there is no constitutional issue to resolve as Wilson has not suggested that he is a member of a protected class. Wilson's argument appears to be based on the possibility of punishments imposed for two crimes.

In his first appeal, Wilson relied on *State v. Moffit*, 38 Kan. App. 2d 414, 166 P.3d 435 (2007), to support his position that K.S.A. 2011 Supp. 21-5703(d) refers only to those convicted of manufacturing and attempting to manufacture methamphetamine but did not apply to those convicted of aiding and abetting. Moffit was convicted of conspiracy to manufacture methamphetamine; the district court granted a dispositional departure and placed him on probation. The State appealed on a question reserved as to whether the statutory provision also at issue prohibited probation for a defendant convicted of conspiracy to manufacture methamphetamine. A panel of this court found that because the plain language of the statute did not include a reference to conspiracy, there was no indication that the prohibition against probation applied to a defendant convicted of conspiracy to manufacture methamphetamine. 38 Kan. App. 2d at 418.

Similarly, Wilson reasoned that since K.S.A. 2011 Supp. 21-5703(d) did not mention or refer to aiding and abetting the manufacture of methamphetamine, the legislature did not intend to prohibit probation in such an instance either. The panel rejected this argument by stating:

7

"What Wilson overlooks is that aiding and abetting is a theory of criminal liability by which a person may be liable for a crime committed by another, unlike conspiracy, attempt, and solicitation, which are distinct crimes. See *State v. Simmons*, 282 Kan. 728, 735, 148 P.3d 525 (2006) (discussing difference between conspiracy and aiding and abetting); compare K.S.A. 2011 Supp. 21-5302(c)-(e) (establishing sentencing provisions for crime of conspiracy) with K.S.A. 2011 Supp. 21-5210(a) (establishing no such provisions for aiding and abetting)." *Wilson*, 2014 WL 1096939, at *4.

The panel noted that conspiracy is an anticipatory crime found under Article 53 of the Kansas Criminal Code, while aiding and abetting crimes are found under Article 52 on principles of criminal liability. 2014 WL 1096939, at *4. Kansas law provides that an aider and abettor "may be charged, tried, convicted, and sentenced in the same manner as if he or she were a principal." *State v. Wakefield*, 267 Kan. 116, 142, 977 P.2d 941 (1999). This means that one convicted of aiding and abetting is sentenced at the same level as the associated crime.

The legislature has the discretion to determine the punishment for different crimes. *State v. Mims*, 264 Kan. 506, 517, 956 P.2d 1337 (1998). The legislature has also made the deliberate choice to prohibit a person convicted as an aider and abettor from receiving probation. *Wakefield*, 267 Kan. at 142. Conversely, Kansas has a long history of sentencing one convicted of conspiracy differently from one who aids and abets a crime. *State v. Hobson*, 234 Kan. 133, 138, 671 P.2d 1365 (1983); see also *State v. Campbell*, 217 Kan. 756, 769, 539 P.2d 329 (1975) (distinguishing conspiracy from actual participation in the underlying crime). The severity level of conspiring to commit a nondrug felony is typically "two severity levels below the . . . underlying or completed crime." K.S.A. 2011 Supp. 21-5302(c)(1). For drug offenses, the sentencing guidelines grid provides that the sentence for a conspiracy conviction is reduced by 6 months from the underlying or completed crime. K.S.A. 2011 Supp. 21-5302(d).

8

At resentencing, Wilson argued that it was inherently unfair to treat someone convicted of manufacturing as an aider and abettor significantly different than someone convicted of conspiracy to manufacture. Wilson focuses on the level of participation between the crimes, asserting that he is in a class with others who are less culpable than the primary actor of the crime. But as we have already explained, Kansas law places no distinction between an aider and abettor and the principal actor in the commission of a crime. As such, Wilson may be punished at the same level as a principal actor. Wilson is not similarly situated to those individuals who merely conspire to commit the manufacture of methamphetamine and has not met his burden to show disparate treatment of similarly situated individuals. K.S.A. 2011 Supp. 21-5703(d) is constitutional.

Affirmed.