NOT DESIGNATED FOR PUBLICATION

No. 118,709

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VAN H. NGUYEN a/k/a LYDIA NGUYEN,
*Appellee/Cross-appellant*,

v.

HUY HUYNH,
*Appellant/Cross-appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed August 24, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Stephen M. Turley*, of Wagle & Turley, LLC, of Wichita, for appellant/cross-appellee.

*Mark G. Ayesh*, of Ayesh Law Offices, of Wichita, for appellee/cross-appellant.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Van H. Nguyen and Huy Huynh have had intermittent—and complicated—business and personal relationships that produced their two children, several sometimes successive commercial enterprises, and a lot of litigation. We deal with a mere sliver of that litigation today. During one of their off-again periods, Nguyen obtained a default judgment for $150,000 against Huynh. They got back together. Nguyen took no steps to collect the judgment, and it went dormant. Now in another off-again period, Nguyen filed a motion to revive her judgment. The Sedgwick County

District Court revived the judgment but ruled Nguyen was not entitled to statutory interest. The district court got it half right. We affirm the revival and reverse the denial of interest.

The details of Nguyen and Huynh's entangled lives are irrelevant to the legal dispute before us. But the chronology of the $150,000 judgment is. In 2011, Nguyen sued Huynh. Huynh did not respond, and Nguyen obtained a default judgment. The judgment is valid and can be enforced consistent with Kansas law. A judgment becomes "dormant" after five years if the judgment creditor neither files a renewal affidavit nor takes steps to execute on the judgment. K.S.A. 2017 Supp. 60-2403(a).

Nguyen did nothing about the judgment for more than five years, so it went dormant. A dormant judgment isn't dead—it's kind of in the debtor-creditor world equivalent of a coma. If the judgment creditor moves to revive the judgment during the two-year dormancy period, the district court "shall enter an order of revivor unless good cause to the contrary be shown." K.S.A. 60-2404.

Responding to Nguyen's motion in the district court, Huynh argued that the equitable doctrine of laches established good cause under K.S.A. 60-2404. So he asserted the district court should deny Nguyen's motion and wipe out the judgment. The district court, however, found no sound basis for precluding revival of the judgment. But without any substantive explanation, the district court ruled that laches would apply to negate the accrual of any interest on the judgment. Huynh has appealed the revival, and Nguyen has cross-appealed the denial of interest.

In his brief, Huynh reiterates the laches argument as dispositive of both the appeal and the cross-appeal in his favor. Nguyen relies on K.S.A. 60-2404, governing revival, and K.S.A. 16-204(d), governing interest on judgments, to support her position on appeal.

There are no disputed material facts pertinent to the appeal, so the resolution of the issues turns on the interpretation of the relevant statutes and the application of laches. See *State v. Murdock*, 299 Kan. 312, 314, 323 P.3d 846 (2014) (interpretation of statute question of law given unlimited review on appeal), *overruled on other grounds by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011). What we confront are functionally questions of law that we may answer without giving any deference to the district court's determination.

As we have pointed out, K.S.A. 60-2404 places the burden on the judgment debtor to show "good cause" for denying revival of a dormant judgment. Absent proven good cause, the district court must grant the motion to revive. We see no reason the statutory "shall" commanding the district court should be read other than in its customary way as mandatory. See *Gannon v. State*, 298 Kan. 1107, 1141, 319 P.3d 1196 (2014). Huynh asserts laches overrides the statutory period for reviving a dormant judgment even though Nguyen indisputably filed her motion within the requisite two years. Laches steps in to prevent one party from enforcing a right against another party when the first party has inordinately delayed in asserting the right to the actual detriment of the obligated party. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 388-89, 22 P.3d 124 (2001); *Steele v. Guardianship & Conservatorship of Crist*, 251 Kan. 712, 725, 840 P.2d 1107 (1992). Delay alone does not unsheathe the equitable power of laches to prevent the enforcement of a right. *Meneley*, 271 Kan. at 389 (party relying on laches must show prejudice from delay); *Darby v. Keeran*, 211 Kan. 133, 140, 505 P.2d 710 (1973).

Huynh has never identified some tangible detriment or prejudice he faces because Nguyen did nothing to enforce the judgment. The obligation remained extant and interest continued to accrue. But Huynh could have averted those consequences—the usual burdens a judgment imposes on a judgment debtor—by paying the $150,000 or otherwise reaching a compromise accommodation of some sort with Nguyen. He didn't. Nor does

3

he allege Nguyen offered or actually agreed to forgive the debt, lulling him into some false sense of financial security on which he relied in managing his business affairs. Huynh really offers nothing beyond the delay itself, and that's legally insufficient to support laches at all, let alone as good cause to deny the motion to revive.

The Legislature has afforded judgment debtors statutory relief from delay or inaction by their judgment creditors. As we have said, if a judgment creditor does nothing for five years, the judgment becomes dormant. Should a judgment creditor persist in his or her passivity during the two-year dormancy period, the district court then "shall [have] the duty . . . to release the judgment of record when requested to do so." K.S.A. 2017 Supp. 60-2403(a)(1). Inaction on a judgment for seven years will release the judgment debtor if he or she asks the district court.

Huynh relies heavily on *In re Marriage of Jones*, 22 Kan. App. 2d 753, 757-59, 921 P.2d 839 (1996), to support his argument for equitable relief. Although *Jones* recognized that laches, as an equitable doctrine, could override the revival of a judgment, the circumstances of that admittedly "unusual case" render it inapposite here. There, a divorcing husband and wife altered the decree to ostensibly increase the amount of child support the husband was to pay from $1,200 to $1,600 a month, and the wife then submitted the decree to a bank to support her application for a loan. But the husband and wife never intended he pay the greater amount and essentially used the decree to scam the bank. He consistently paid $1,200 a month without objection from the wife. About 12 years later, they had a dispute over their ongoing financial obligations for child support and spousal maintenance. The wife sought to revive the judgment as to the $600 a month called for in the decree that the husband admittedly had not paid. (Judgments for child support remain valid longer than general judgments of the sort Nguyen got.) The court held that laches barred the wife's claim for any purported arrearage for their child who had just reached the age of majority. 22 Kan. App. 2d at 761.

4

Assuming the premise underlying *Jones* is correct—that equitable doctrines can supersede tailored statutory plans, such as the recognition and regulation of dormant judgments—the circumstances there are materially different. Most significantly, the husband and wife agreed between them to a phony child support obligation to mislead a bank, and they did so with the clear understanding the support would never be paid. Years later, the wife tried to enforce the obligation contrary to the nefarious agreement she had with her husband. We suppose that situation could call for some equitable relief for the husband as against the wife. The more likely doctrines would be promissory estoppel or equitable estoppel rather than laches. See *Bouton v. Byers*, 50 Kan. App. 2d 35, 51-52, 321 P.3d 780 (2014) (comparing promissory estoppel and equitable estoppel).

Here, there was no agreement between Nguyen and Huynh, nefarious or otherwise, about how the judgment would be handled. Nguyen did not affirmatively lead Huynh to believe she would release the judgment or forbear in exercising any of her legal rights associated with it. To the contrary, Huynh simply drew hope from delay. And, as we have discussed, that won't support a claim for laches.

Turning to the district court's denial of interest on the judgment, we find plain legal error requiring reversal of that part of the ruling. The district court stated laches and equity more generally precluded Nguyen from earning interest on the judgment because it would "prejudice [Huynh] unjustly." But the district court never identified anything other than delay to be prejudicial or unfair to Huynh either as a factual or equitable matter. We see nothing. Moreover, the statutes governing interest on judgments and dormant judgments lead us rather firmly to the opposite conclusion.

First, K.S.A. 16-204(d) requires that "any judgment" bear interest "on or after the day . . . [it] is rendered" at a fluctuating annual rate keyed to the Federal Reserve discount rate. The statute, however, does not suspend the accrual of interest for dormant judgments. Nor does it even mention dormancy.

5

Second, in establishing a dormancy period for judgments, the Legislature provided that a dormant judgment "would cease to be a lien" on the judgment debtor's real property. K.S.A. 2017 Supp. 60-2403(a)(1). So the Legislature considered whether some form of relief ought to be extended to judgment debtors during the two-year dormancy and specifically chose to extinguish liens on real property. See K.S.A. 60-2202 (procedures by which judgment encumbers real property). But the Legislature remained conspicuously silent about suspending or forgiving interest on judgments that become dormant. We may reasonably conclude that had the Legislature viewed such relief to be appropriate, it would have included language to that effect in either K.S.A. 16-204(d) or K.S.A. 2017 Supp. 60-2403. Moreover, the inclusion of some relief in K.S.A. 2017 Supp. 60-2403 weighs heavily against any legislative intent to afford other kinds of relief. See *State v. Moffit*, 38 Kan. App. 2d 414, Syl. ¶ 5, 166 P.3d 435 (2007) (describing canon of construction known as *expressio unius est exclusio alterius*—the expression of one presumptively excludes others).

In light of those statutes, the district court erred both in separating the judgment from the accrual of interest and in finding equity would bar interest once a judgment entered the two-year dormancy period created in K.S.A. 2017 Supp. 60-2403, especially when the statute specifically extends different relief to a judgment debtor during that time.

We, therefore, affirm the district court order reviving Nguyen's judgment against Huynh, reverse the denial of statutory interest to Nguyen on the judgment, and remand with directions to the district court to grant interest on the judgment and to order such other relief as may be appropriate and consistent with this opinion.